## HEALEY, BERRY & Co. *vs.* SCOFIELD.

1. The claim affidavit was in the name of Thomas G. Healey, Maxwell R. Berry and Julius A. Hayden, Berry making the affidavit; the motion for a new trial states the case at the head of the motion as "Lewis Scofield *vs.* Healey, Berry & Co., claim, etc.," and then states: "The claimants being dissatisfied," etc; the bill of exceptions states the claim as by Healey, Berry & Co.; a motion was made to dismiss the writ of error because of the variance between the claim affidavit and the motion for new trial and bill of exceptions:

*Held,* that as neither the motion for new trial nor the bill of exceptions sets out a partnership, the words Healey, Berry & Co , will be construed to mean the claimants, Thomas G. Healey, Maxwell R. Berry, and Julius A. Hayden, and that the case will not be dismissed on the ground that a party other than the three claimants set out in the claim affidavit moved for the new trial and brought the case to this court, and the bill of exceptions will be amended so as to set out the names in full.

2. The case is controlled on the merits by *Scofield vs. Gaskill,* decided to-day.

Claim. Practice in the Supreme Court. Principal and surety. Before Judge Hillyer. Fulton Superior Court. October Term, 1877.

A *fi. fa.* was issued by the comptroller general against Blodgett, and his securities, as superintendent of the Western and Atlantic Railroad, and levied on certain property as belonging to H. I. Kimball, one of the securities. It was

claimed by Healey, Berry & Co.; on the trial it was found subject; they made a motion for new trial, which was over-ruled, and they excepted. The only point made by claim-ants which is necessary to an understanding of the decision is this: that the principal part of the default for which the *fi. fa.* issued resulted from an illegal private sale by Blodg-ett to Scofield of scrap-iron belonging to the Western and Atlantic Railroad; that Scofield was a security on the bond, yet he bought thus and gave his notes payable to Blodgett or bearer, which were discounted by the latter and the money appropriated to his own use; that Kimball knew nothing of this at the time; and that Scofield, having paid off the execution, was seeking to enforce it against his co-securities, and against this property as having passed through Kimball's hands.

COLLIER & COLLIER; HOPKINS & GLENN, plaintiffs in error.

D. F. & W. R. HAMMOND; P. L. MYNATT, for defendant.

JACKSON, Judge.

A motion was made to dismiss this case on the ground that a party, not a party to the case tried by the jury, made the motion for a new trial, and brought the judgment of the court refusing to grant it to this court. Of course nobody but a party to the case tried can move to set aside the ver-dict, for the simple reason that the real party may be satis-fied with the verdict, and may not wish to open the case anew. A stranger has no right to meddle with it, and hence, where one corporation was the party which tried the cause before the jury, and another corporation made a mo-tion to set their verdict aside, and brought the judgment of refusal to grant the new trial here, we dismissed the case. See 59*th Ga.*, 185.

The whole question, therefore, is, has a party other than those who claimed the property in dispute, moved for the new trial and brought the judgment refusing the motion here?

The claim affidavit was made by Maxwell R. Berry, claiming the property for himself and Thomas G. Healey and Julius A. Hayden; and on the issue whether or not the property was subject to the *fi. fa.*, or was the property of these claimants and not subject, the case was tried and the jury passed. The motion for a new trial stated the case thus: " Lewis Scofield *vs.* Healey, Berry & Co., claim, etc., in Fulton superior court, fall term, 1877, and verdict for the plaintiff finding the property subject. The claimants being dissatisfied with the verdict, moved the court, etc." And the bill of exceptions recites it as the case of " Lewis Scofield *vs.* Healey, Berry & Co." On these facts, it is insisted that Healey, Berry & Co., being a partnership, is a different person or party in law from the claimants, who were Thomas G. Healey, Maxwell R. Berry, and Julius A. Hayden.

It will be observed that neither the motion for a new trial nor the bill of exceptions, sets out Healey, Berry & Co. as a partnership, and therefore the case is not a case where the claimants who tried the issue are individuals, and the movants for a new trial a partnership. On the contrary, Healey, Berry & Co. unquestionably, taking the whole record together, mean the claimants as set out in the affidavit. Those individuals are called in one place Healey, Berry & Co., and in another are named in full, and there can be no doubt that the same persons are intended in each place, and the whole record may be made to consist on this idea.

But whilst the record proper does not show that these claimants were partners, yet the evidence calls them a firm, and if that fact proven be considered a part of the record, as the evidence is incorporated in it, we are of the opinion that the bill of exceptions could be, if necessary, amended by the record and made to read that the case was between them and Scofield, and as they composed this firm, that it is wholly immaterial whether they claimed as partners or tenants in common ; for partners holding real estate hold it as tenants in common—19 *Ga.*, 14, 84—and it is equally

immaterial whether they claimed or moved for a new trial, or brought the case here in one capacity or the other.

I think it enough that the whole record, taken together, shows that the real contestants with Scofield were these three men, and that their case should not be dismissed upon any such a technicality as that in one place they are called Healey, Berry & Co., and in another the names of the firm are set out in full.   The case is clearly distinguishable from the case in 59*th Ga.*. 185, where one corporation tried the case before the jury, and another moved to set aside the verdict, and where the record nowhere showed or intimated, nor was it pretended, that they were the same corporation and, therefore, the same party.

All of us think that this record, showing no partnership anywhere in the pleadings, and disclosing by the evidence that the same persons who claimed the property made the motion for a new trial, and brought the case here, is sufficient to retain the case in court, and the motion to dismiss is denied, and leave granted to amend the bill of exceptions so as to set out the parties in full.

2. In respect to the merits of the case, for the reasons given in the case of *Scofield vs. Gaskill et al.*, opinion delivered this morning, we think that the verdict subjecting the property was wrong, and that a new trial should be granted, it being the judgment of this court that under the facts proven, Scofield has no right to contribution from his co-securities for any default of Blodgett, which he made good, but which arose out of this sale of iron, when he himself bought it.   Scofield bound himself to see that Blodgett discharged his duty as superintendent of the road, and then aided him in a transaction wholly in the teeth of Blodgett's duty, and he cannot call upon an innocent co-security to help him make good the default which he himself participated in making.

As this point controls the case on the facts proven, it is unnecessary to decide other and difficult questions which abound in this record.

Judgment reversed.