THE MAYOR AND COUNCIL OF MONTICELLO *vs.* LAWRENCE & POPE.

If nothing appears as to the adjournment of the court or as to the length of its session, and the certificate to the bill of exceptions bears date thirty-one days after the decision complained of, the writ of error will be dismissed, unless the delay to sign and certify is explained and appears to be owing to one or more of the causes provided for in sections 4255 and 4257 of the Code. In the absence of explanation by the judge, the date of his certificate will be deemed correct, and the same will control the formal statement in the bill of exceptions to the effect that the plaintiffs in error come now, within thirty days from the rendition of the decision, and tender their bill of exceptions, etc.

Practice in the Supreme Court.    February Term, 1879.

The motion for a new trial in this case was overruled on December 11, 1877, and the bill of exceptions to such judgment certified by the presiding judge on January 11, 1878. The bill of exceptions recited that it was presented within thirty days from the rendition of the judgment complained of.    The certificate of the judge was in the usual form, and contained no explanation of the delay.    Neither the record nor bill of exceptions showed when the term of the court at which the motion was overruled adjourned.

When the case was called in this court, counsel for defendants moved·to dismiss the writ of error because the bill of exceptions was not certified by the judge within thirty days from the rendition of the decision complained of.    The motion was sustained.

KEY & PRESTON, by JACKSON & LUMPKIN, for plaintiffs in error.

C. W. JORDAN, by Z. D. HARRISON; E. S. BARTLETT, for defendants.

BLECKLEY, Justice.

We are furnished with but two dates, that of the decision on the motion for a new trial, and that of the judge's certificate to the bill of exceptions, and these are thirty-one days apart. If the court adjourned in the intermediate time, or if its session continued until or beyond the signing of the certificate, and if there was any proper evidence of this, either in the record or the bill of exceptions, the lapse of more than thirty days between the decision and the time of certifying would make no difference. The court may have adjourned upon the day the motion for a new trial was overruled, and if so, the bill of exceptions was too late by one day; unless indeed the absence of the judge from home, or some other casualty, or the taking of steps to correct the bill of exceptions or to verify its accuracy, rendered the delay necessary, in which case the cause of the delay ought to have been, and we take it for granted would have been, certified by the judge. It is true that a part of these reasons for signing after the thirty days expire, appear in one section of the Code, and a part in another, and that one of the sections is silent as to certifying the appropriate explanation; but the other is express, and both sets of reasons are equally within the spirit of the regulation; and, besides, the very nature of the thing would require the explanation to be furnished by the judge if neither section had mentioned it. Legislation and decisions both evince a firm and settled policy, not only to have bills of exception presented and certified speedily, but to have the affirmative evidence of that fact come up for the inspection and assurance of this court. It has never been the practice in this state to assume that the judges certify in due time, but to verify it by a comparison

of dates, etc., when the question is raised here in proper order and manner. If the case happens to be one not falling within the general rule of thirty days, what renders it an exception must be stated authoritatively by the judge, otherwise the rule and the exceptions would become intermingled and confounded, so that it would be impossible to tell by inspection of the papers which cases are brought hither under the one and which under the others. It would be the same, practically, as having all exceptions and no rule, and this, in its last analysis, is to have neither rule nor exceptions.

The bill of exceptions recites that the plaintiffs come now, within thirty days from the rendition of the decision, and tender their bill of exceptions, and it may be said that as the judge certifies the whole bill of exceptions to be true, this statement included, it is enough, though the date of his certificate is not within the thirty days. The reply is, that the statute contemplates not only that the bill of exceptions shall be presented within time, but that it shall be certified within time, and a certificate which is too late is no evidence of anything. The date of the certificate goes directly to the judge's act, and as he does not explain that there was any delay in signing after the presentation, we ought to presume that he signed promptly, and consequently that the formal recital, being thus in virtual conflict with his certificate, is not correct. If the certificate were without date, there would be no difficulty, but as it is definitely and distinctly dated, it must control.

Writ dismissed.