## DISMUKE *vs.* TRAMMELL.

1. The judgment in the record not being dated, but providing for a stay of execution to November 15, 1878, and the bill of exceptions, which was certified January 17, 1879, stating that it was tendered within thirty days from the decision, the clerk of the superior court was ordered, under the act of 1877, to certify and send up the date of the decision as appeared from the minutes.    (R.)
2. Where the bill of exceptions and the record differ as to matters which form a part of the record, the latter will control.    (R)
3. In the absence of any statement to show delay by the presiding judge in certifying a bill of exceptions after its tender, the date of the certificate will be taken as the date of tender, and if beyond the time allowed by law the case will be dismissed.    (R.)

Practice in the Supreme Court.    September Term, 1879.

Reported in the decision.

JAS. S. BOYNTON ; SAMUEL HALL, for plaintiff in error.

HUNT & JOHNSON, for defendant.

JACKSON, Justice.

It appeared from the record in this case that the superior court of Spalding county was in session more than thirty days, beginning in August, 1878, and adjourning in January thereafter, and that the judgment excepted to had been rendered prior to the 15th of November, 1878, as it provided for a stay of execution to that date, whilst the bill of exceptions was signed and certified on the 17th of January,

1879. It seemed, therefore, from the record that the judgment excepted to was rendered more than sixty days before the bill of exceptions was signed and certified, and, if that were true, that this court had no jurisdiction under the statute to review the judgment. Yet the judge certified that the bill of exceptions was tendered within thirty days from the judgment. To arrive at the truth, under the authority of the act of 1877, we directed the clerk of the superior court of Spalding county to certify and send up the date of the judgment as it appeared on the minutes of the superior court of Spalding county, which has been accordingly transmitted to us. And from that transcript it appears that the judgment was rendered on the 17th day of August, 1878, some five months before the bill of exceptions was signed and certified.

We have held that unless the judge certified that for some reason he retained the bill of exceptions after it had been tendered to him, the date of his certificate will be considered the day it was tendered to him. *Monticello vs. Lawrence & Pope*, February 3, 1879.

Where the bill of exceptions and record, properly applied, differ, the former, so far as relates to matters of record, must yield. Indeed, it may be amended so as to conform to the latter. 60 *Ga.*, 450; 59 *Ib.*, 459. Code, §4288. Therefore this bill of exceptions was not tendered in time, and we have no jurisdiction to review the judgment complained of. It should have been tendered within sixty days from the time it was rendered, as Spalding court was held more than thirty days.

We have no option in the premises, but the law which gives us our only authority to hear and review any case, requires us not to hear but to dismiss this case. And it is so ordered. Supplement to Code, §25.

Writ of error dismissed.