## Lovingood v. Roberts et al.

89　417
116　213

The writ of error not being such as is prescribed by statute, but on the contrary, consisting in part of a recital of facts which if true and of sufficient materiality to be brought to this court should have been set out in the bill of exceptions, and embracing also a direction to the clerk to send up the charge of the court—something not specified in the bill of exceptions,—the *Writ of error is dismissed.*
June 8, 1892.

Practice in Supreme Court.

The bill of exceptions recites that the case came on to be tried on September 8, 1890, that a verdict was rendered for the defendants, and that the plaintiff moved for a new trial, and the motion upon the hearing was overruled, which ruling is excepted to and assigned as error. The plaintiff then proceeds to specify, as material to a clear understanding of the errors complained of, certain parts of the record and certain parts of the evidence; and then follows a recital that the plaintiff comes within thirty days from the overruling of the motion and presents this bill of exceptions, etc. The judge's certificate (in the form prescribed by the statute, except that it uses the word " contains" where it should use the word "specifies" in referring to the evidence) is immediately followed by these words:

" The clerk will also send up as part of the record the entire charge of the court as approved. I further certify that this case was set for a hearing on January 2nd, 1891 ; that the motion, brief of evidence and charge of the court was handed the judge for examination and approval ; that the same was left by the judge on his desk in his office in Marietta ; that said papers could not be found until recently. This delay was not the fault of plaintiff or his counsel ; that the 3rd, 4th and 5th and 6th grounds of the motion was filed within the time limited by the several orders in the case and which are a proper part of said motion. December 23, 1891.

Geo. F. Gober, Judge S. C.

" By way of note I add that it is not apparent what

the purpose of the *addenda* to the certificate may be. Counsel present it in this way, and I sign as presented.

                                        GEO. F. GOBER, Judge."

W. A. TEASLEY, P. P. DuPRE and C. D. PHILLIPS, for plaintiff.

. GEO. R. BROWN and J. E. MOZLEY, for defendants.

---

### HACKETT v. THE STATE.

Though the evidence does not make a strong case of commission of burglary as compared with larceny from the house, yet it was sufficient to warrant the jury in finding that the offence had all the essential elements of burglary, and the court did not err in refusing to grant a new trial.          *Judgment affirmed.*
June 8, 1892.

Criminal law. Burglary. Before Judge GOBER. Cobb superior court. November term, 1891.

Hackett was charged with burglary, and found guilty. He moved for a new trial; his motion was overruled, and he excepted. The motion was on the general grounds that the verdict was contrary to law, evidence, etc.; and because the confessions which were allowed to go to the jury, defendant insists, were not freely and voluntarily made, but made after Phillips, the prosecutor, had threatened to send defendant to jail if he did not get up the gun (the article alleged to have been stolen); and had told defendant, after his arrest, that if he would tell all about the gun he would turn him loose and would not prosecute him. Defendant insists no confession had been made until the threat and promise of release were made. Also, because there is no fact or circumstance in the evidence to support, sustain or corroborate the confession, and defendant could not be convicted on his statement alone.

The evidence was : Defendant was working for Phillips before he was arrested. Phillips left his house on Saturday and remained away until Monday morning.