## WHITE & COMPANY *v.* JONES.

1. An answer to a general and final interrogatory propounded to a witness may be excluded when such answer contains material and important testimony of the nature of which the opposite party was not reasonably put upon notice either by the question embraced in that particular interrogatory or by the same when taken in connection with preceding interrogatories.

2. One who by mere delivery acquires title to a promissory note payable to a deceased person, or bearer, from another who in like manner acquired title to the note from the payee while in life, is not, within the meaning of par. 1 of § 5269 of the Civil Code, an "indorsee," "assignee," or "transferee" of the deceased payee; and consequently the maker of the note, when sued thereon by the last holder, is not incompetent to testify in his own favor as to transactions or communications with such deceased.

.3. There was no error in excluding from evidence a deed of assignment, the parties to which were strangers to the action on trial; nor in allowing the defendant to prove the correctness of the account with which the answer alleged the note sued upon had been settled.

Argued May 23, — Decided July 21, 1898.

Complaint on note.   Before Judge Callaway.   Washington superior court.   September term, 1897.

*Rawlings & Hardwick*, for plaintiffs.

*J. N. Gilmore* and *James K. Hines*, for defendant.

LUMPKIN, P. J.   An action was brought by White & Company against Mrs. M. F. Jones, upon a promissory ·note, due ·one day after its date, payable to J. Floyd Jones, or bearer, who had died before the suit was begun.   The defense set up in the defendant's answer, in substance, was that Mrs.· Jones, in the lifetime of J. Floyd Jones, had settled and paid off this ·note under an agreement with him whereby she credited him with the amount thereof upon an open account against him for ·board, and that the plaintiffs had acquired possession of the· ·note after his death and long after ·its maturity.   There was a ·verdict for the defendant.   The plaintiffs' motion for a new trial was overruled, and they excepted. ·  The following questions are presented by the record.

1. The plaintiffs offered in evidence answers˙ to interroga.tories propounded to Mrs. Hattie McMillan, who had been the ·wife of J. Floyd Jones, but who after his death had again ·married.   The last of these interrogatories was in the following language:   "State anything further that you may know˙ that ·would benefit plaintiffs, as if specially interrogated thereto." .After testifying· that her deceased husband. had given her the note now in controversy as soon as he received it, this witness in answer to the last interrogatory stated that Mrs. Jones, after ·the death of J. Floyd Jones, promised witness to pay˙ the note to her.   The court, on motion of counsel for the defendant, ex·cluded the answer to this last interrogatory "because the question asked was too vague and indefinite and not sufficiently explicit to put defendant's counsel on notice," etc.   The interrog.atories preceding the last do not appear in the record before ·us; and as the burden of showing error rests upon the party ·alleging it, it will be presumed, in favor of the correctness of

·the ruling made by the judge, that none of the interrogatories were so framed as to put Mrs. Jones or her counsel upon notice that the plaintiffs expected to prove by Mrs. McMillan a promise to her by Mrs. Jones to pay the note. Thus viewing the matter, we can not undertake to say that the court erred in rejecting the answer of the witness to the last interrogatory. In *McBride & Co.* v. *Macon Telegraph Publishing Co.,* 102 *Ga.* 422, this court held that: "If the evidence contained in such answer was of a nature not suggested by any of the other interrogatories, this fact would of itself be a good ground for not allowing the answer to be read in evidence." The reason for this holding is obvious, viz., that when a party sues out interrogatories for the examination of a witness, the opposite party is entitled to be put on reasonable notice of what the party suing out the interrogatories expects to prove. This is essential to a proper cross-examination of the witness.

2. There was no contention on the part of the plaintiffs that J. Floyd Jones had ever made any written transfer or assignment of the note in suit. Their contention was, that the deceased had given the note to his wife as soon as he received it, and that she in turn had sold it to them, the title in each instance passing by mere delivery. Upon this state of facts, the plaintiffs objected to the competency of Mrs. Jones to testify as a witness in her own behalf regarding any transactions had between herself and the deceased relatively to this note, the objection being based upon paragraph 1 of section 5269 of the Civil Code. That paragraph declares: "Where any suit is instituted or defended by a person insane at time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person." This paragraph was taken from the evidence act of 1889, as amended by the act of December 9, 1893. Acts of 1893, p. 53. The latter act introduced into the statute the words, "by the indorsee, assignee, transferee, or," immediately before the words, "or by the personal representative of a deceased person." The codifiers changed the word

"the," before the word "indorsee," to "an." If the amending act had described the indorsee, assignee, or transferee to which it referred as the indorsee, assignee, or transferee of paper which had belonged to a deceased person, this case would present a different question; but taking the law as actually amended, its literal meaning is that the indorsee, assignee, or transferee against whom the opposite party shall not be permitted to testify is the indorsee, assignee, or transferee of the "deceased person" whose transactions with such party are in question. It may not be strictly accurate to speak of a person who has acquired title to a promissory note, or other chose in action, from another as the indorsee, assignee, or transferee of the latter, rather than as the indorsee, assignee, or transferee of the paper; but this is done colloquially every day, and we feel certain that the General Assembly, in passing the act of 1893, intended that the words "indorsee, assignee, or transferee" should refer to the immediate indorsee, assignee, or transferee of a deceased person. At any rate, the effect of so holding will, as above remarked, be to give to the law as amended its literal meaning, which it is our plain duty to do under the legislative mandate contained in the evidence act of 1889 and now embodied in section 5270 of the Civil Code. This court has steadfastly adhered to the policy of enforcing this act literally, in no instance undertaking to extend its provisions by construction. It is obvious that White & Company were not indorsees, assignees or transferees of the deceased Jones. They held under a verbal transfer from Mrs. McMillan, and did not derive title to the note as immediate transferees of the deceased. The court allowed Mrs. Jones to testify as to the transactions referred to, and in so doing did not, in our judgment, commit any error.

3. The plaintiffs offered in evidence an assignment for the benefit of creditors, which had been made by J. Floyd Jones in his lifetime. In this assignment no mention was made of the note sued on in the present case, nor did the name of Mrs. Jones appear in the list of creditors of J. Floyd Jones attached to this assignment. The plaintiffs' purpose in offering this paper was to show inferentially that the deceased was not in-

debted to Mrs. Jones in any manner, and that at the time of
making the assignment he had parted with the title to this note.
These inferences, at best, would be quite remote; but be this as
it may, the paper was not admissible against Mrs. Jones.
Whatever it contained was, as to her, hearsay, and the court
properly rejected it.

There was some evidence tending to show that J. Floyd
Jones had contracted to pay Mrs. Jones $20.00 per month for
board. In addition to this, the court allowed her to testify
that the board of J. Floyd Jones was reasonably worth this
amount per month. This evidence was objected to on the
ground that, as the defendant had pleaded and attempted to
prove an express contract, "evidence in the nature of a quan-
tum meruit was inadmissible." In point of fact, the defend-
ant did not plead that J. Floyd Jones expressly agreed to pay
her any stated monthly sum for board. Her defense was that
she had settled the note he held against her with the account for
board which she held against him. Accordingly, it was com-
petent for her to prove the origin of her demand against him,
either by showing an express or an implied contract on his part,
as the plaintiffs had not, by special demurrer, called upon her
to state specifically in her plea the precise manner in which her
alleged claim against the deceased arose.

*Judgment affirmed. All the Justices concurring.*