AMERICAN FREEHOLD LAND MORTGAGE COMPANY OF LONDON LIMITED *v.* WALKER.

1. A direct assignment of error upon a ruling made during the trial of a civil case is presented too late for consideration by the Supreme Court when it first appears in a bill of exceptions tendered more than thirty days after the adjournment of the term at which such ruling was made; and unless it affirmatively appears that a bill of exceptions embracing such an assignment of error was, with respect thereto, tendered in due time, this court is without jurisdiction to pass upon that assignment.

47

2. The court erred in rejecting documentary evidence offered by the defendant which tended to establish material allegations embraced in its answer.

Submitted May 1, — Decided June 10, 1902.

Equitable petition. Before Judge Butt. Taylor superior court. November 16, 1901.

*W. E. Simmons,* for plaintiff in error.
*Allen & Tisinger* and *O. M. Colbert,* contra.

LUMPKIN, P. J.   An equitable petition was filed by A. M. Walker against the Mortgage Company, and Riley as sheriff, to enjoin the enforcement of a writ of possession which had been issued in favor of the Mortgage Company and against Alice J. Walker, the plaintiff's wife.   At the conclusion of the testimony the court directed a verdict in favor of the plaintiff.   The Mortgage Company thereupon made a motion for a new trial, which was overruled, and it excepted.   In its bill of exceptions it assigns error, not only upon the refusal of the judge to grant this motion, but also upon various rulings made during the progress of the trial, which terminated on the 9th day of October, 1901.   The motion for a new trial was overruled on November 16, 1901.   The bill of exceptions is dated November 23, 1901, and recites that it was tendered to the presiding judge "within twenty days from the overruling of said motion"; but neither the bill of exceptions nor the record discloses when the term of the court at which the case was tried finally adjourned, nor is it in any way made to appear that this term of the court continued for more than thirty days.

1. The first question presented for our consideration is whether or not, in view of the facts just stated, this court has jurisdiction to pass upon any of the assignments of error made in the bill of exceptions, save that relating to the overruling of the motion for a new trial.   "A direct assignment of error upon a ruling made during the progress of a trial comes too late if for the first time presented in a bill of exceptions sued out more than thirty days after the adjournment of the term at which such ruling was made." *Heery* v. *Burkhalter,* 113 *Ga.* 1043.   So the sole point to be determined is : "Should this court presume that a bill of exceptions is in time when nothing to the contrary appears, or must it *affirmatively* appear that the bill of exceptions was tendered within the time prescribed by law?"   This inquiry arose in the case of *Evans*

v. *State*, 112 *Ga.* 763; and in disposing thereof, Chief Justice Simmons, who delivered the opinion of the court, cited numerous prior decisions to the effect that the all-important jurisdictional fact just referred to was not a legitimate subject-matter of bare presumption, but that when it was not made to affirmatively appear either from the bill of exceptions or the transcript of the record accompanying the same, the writ of error must needs be dismissed. See also *Bourquin* v. *Bourquin*, 110 *Ga.* 440. It does affirmatively appear in the present case that the exception to the overruling of the motion for a new trial was made in time; so the proper practice to be pursued is, not to dismiss the writ of error because the other assignments of error do not stand upon the same footing, but to ignore them and deal alone with that which is properly before us for consideration. *Collins* v. *Carr*, 112 *Ga.* 868.

2. In the motion for a new trial complaint is made that the court erred in rejecting certain documentary evidence. This evidence was improperly excluded. The case, in brief, was as follows: Walker, as will have been seen, was seeking to enjoin the mortgage company from enforcing a writ of possession which had been issued in its favor as the result of an action of ejectment brought by it against Walker's wife, and in which a judgment had been rendered in favor of the mortgage company. The theory of Walker's petition was, that the land in dispute was in his possession as the head of a family, under and by virtue of a homestead which had been duly set apart. The documentary evidence tended to show that after the homestead had been set apart, it was sold by the sheriff under an execution against Walker, based upon a judgment to which the homestead was subject; that one Waters was the purchaser at the sheriff's sale; and that he had conveyed the land to Mrs. Walker. Obviously, the defendant should have been allowed to prove these facts by any competent evidence.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*