## 1390. TALLEY, trustee, *v.* SWINDLE.

The defendant's plea that there had been an entire failure of consideration was amply supported by the evidence, and the jury were authorized to infer that the plaintiff, at the time the note came into his hands, had knowledge of the failure of consideration. The trial was free from material error, and no reason appears why there should be another hearing.

Complaint, from city court of Nashville—W. D. Buie, judge pro hac vice. September 5, 1908.

Submitted November 25, 1908.—Decided July 31, 1909.

*Hendricks & Christian,* for plaintiff.

*W. G. Harrison,* for defendant.

RUSSELL, J. This was a suit on a promissory note. The defendant pleaded total failure of consideration, and also that the note had been procured by fraudulent representations. According to the defendant's testimony, the note was given simultaneously with an application for a policy of insurance in the New York Life Insurance Company. He was an illiterate man, being unable to write, and the agent of the insurance company, one Burnett, read the application to him, and he relied on Burnett's representations as to the contents of the application. When the policy came and was read to him, he saw that it differed materially from what Burnett represented to him, in that the premiums were higher, the

surrender value smaller, etc. He refused to accept the policy, and immediately returned it to the company. Some time later the company sent him another policy, and he likewise refused to take it, and demanded back his note. The company refused to return the note, and sent him still another policy, but he did not accept it, and again called for his note. He never did accept any of the policies, and kept them only long enough to have them read over to him. The jury found a verdict in favor of the defendant, and the plaintiff excepts to the overruling of a motion for a new trial, also complaining of the overruling of certain demurrers to the defendant's answer.

The plaintiff endeavored to get around the plea of failure of consideration, by showing that the bankrupt for whom he was trustee was an innocent purchaser for value without notice. The note was made payable to the order of the maker, and was indorsed by him in blank, then by the soliciting agent in blank to a third person, and then it came into the hands of R. H. Plant, by whose trustee in bankruptcy the suit was filed. The proof showed that Plant was general agent of the insurance company for Georgia at the time the note was given and during all the period covered by this transaction; his name appeared as such on the very application involved here. If any one had notice of the failure of consideration, it is difficult to see why Plant had not. *Shedden* v. *Heard,* 110 *Ga.* 461 (35 S. E. 707). This case is distinguishable from *Johnson* v. *White,* 120 *Ga.* 1010 (48 S. E. 4162), by reason of the fact that the plaintiff here was unable to read and write, and relied on the representations made him by the soliciting agent as to the contents of the application. See *Gore* v. *Malsby,* 110 *Ga.* 893 (36 S. E. 315); *Carpenter* v. *Bradshaw,* 116 *Ga.* 674 (42 S. E. 1016).

The plaintiff also complains because the defendant was allowed to testify to communications had with the soliciting agent, Burnett, it appearing that Burnett was dead. The note was payable to the maker or order, indorsed in blank by the maker to E. S. Burnett, and by him in blank to E. L. Burnett, and then to Plant, who instituted the suit. E. S. Burnett was the deceased person, communications with whom the maker testified to. In *White* v. *Jones,* 105 *Ga.* 29 (31 S. E. 119), the Supreme Court held that section 5269 of the Civil Code meant the "immediate indorsee, assignee, or trans-

feree of a deceased person;" and since Plant was not the immediate indorsee of E. S. Burnett, the statute is not applicable. Furthermore, the words "indorsee, assignee, or transferee," as used in this statute, are to be strictly construed, and it is doubftul whether they include a trustee in bankruptcy.

There has been a full and fair investigation into the facts, and the evidence authorizes the verdict found in favor of the defendant. We have carefully examined the numerous assignments of error, and none of them are of sufficient materiality to authorize the grant of a new trial.     *Judgment affirmed.*