CASTLEBERRY v. PARRISH.

ATKINSON, J. 1. Where there is a recital in a bill of exceptions that it was presented to the judge within thirty days from the adjournment of the court at which the decision excepted to was made, and the recitals in the bill of exceptions are certified by the judge to be true and the record affirmatively shows that the bill of exceptions was signed within sixty days of the judgment complained of, the writ of error will not be dismissed merely because it appears that the date of the certificate was more than thirty days from the date of the decision complained of. In this connection see *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (35 S. E. 168) ; *Proctor* v. *Piedmont Portland Cement Co.*, 134 *Ga.* 391 (67 S. E. 942). The decisions in the cases of *Mayor &c. of Monticello* v. *Lawrence*, 62 *Ga.* 672, and *Dismukes* v. *Trammell*, 64 *Ga.* 428, were rendered prior to the act of 1896 (Acts 1896, p. 45).

2. Since the passage of the Supreme Court practice act of 1893, as embodied. in the Civil Code, § 5534, the fact that the certificate of the judge was not in the exact language prescribed by the act of 1899 will not require a dismissal of the writ of error. *Scott* v. *Whipple*, 116 *Ga.* 212 (42 S. E. 519). The case of *Lovingood* v. *Roberts*, 89 *Ga.* 417 (15 S. E. 495), was decided before the act of 1893, supra. Accordingly, a bill of exceptions, which contains the recital that it "contains all of the evidence and contains and specifies all of the record material to a clear under-

standing of the errors complained of," will not be dismissed because it fails more specifically to recite that it contains and specifies all of the evidence material to a clear understanding of the errors complained of.

3. This being the trial of a processioning case, the petition to the processioners, with all entries thereon, including the affidavit as to service on the adjoining landowners, and the return of the processioners, and the surveyor's plat were admissible in evidence over the objections of the protestant that the papers were the mere pleadings in the case, were irrelevant and inadmissible for any purpose, and that the pleadings did not contain any description of the land or the lines in dispute.

(a) Upon the introduction of the evidence referred to in the preceding headnote, the plaintiff made out a prima facie case, and there was no error in refusing to grant a nonsuit. Chism v. Wilkerson, 134 Ga. 636 (68 S. E. 425). See also Augusta Factory v. Barnes, 72 Ga. 217 (53 Am. R. 838).

4. The defendant introduced a deed from the administrator of Josiah Parrish to the plaintiff, executed March 14th, 1898, the description of which was in substantial accord with the contentions of the defendant as to the boundaries of the land in question. He also tendered in evidence a bond for title from the administrator of Josiah Parrish to plaintiff, dated November 26th, 1900, which contained substantially the same description of the land. When this was offered it was excluded on the objection that it was "surplusage and because the deed based on the same was already in evidence." Held, that it was erroneous to exclude the bond for title.

5. The provision of the Civil Code, § 5269, par. 1, to the effect that the opposite party to a suit instituted or defended by an indorsee, assignee, or transferee of a deceased person shall not be admitted to testify in his own favor against the deceased person as to transactions or communications with such deceased person, refers only to the immediate indorsee, assignee, or transferee of the deceased person. White v. Jones, 105 Ga. 26 (31 S. E. 119). Accordingly, where it appeared that A. J. Parrish, the applicant in a processioning proceeding, claimed title to the land in question under an administrator's deed made by W. W. Parrish as the administrator of Josiah Parrish, the protestant, Castleberry, was not disqualified from testifying in his own favor as to transactions and communications between himself and John A. Parrish, through whom Josiah Parrish in some way claimed to have derived title.

6. The evidence was not of such character as to authorize the judge to direct a verdict in favor of the plaintiff.

*Judgment reversed. All the Justices concur.*

December 16, 1910.

Processioning. Before Judge Mitchell. Berrien superior court. September 22, 1909.

*William D. Buie,* for plaintiff in error.

*Hendricks & Christian,* contra.