5791.   WARREN *v.* BEARDEN.

BROYLES, J.   1. It is not proper for a demurrer to allege facts which are not set forth in the petition which it seeks to attack; it thereby becomes speaking in character, and should be overruled.  *Clarke* v. *East Atlanta Land Co.,* 113 *Ga.* 21 (2), 26 (38 S. E. 323); *Smith* v. *Ice Delivery Co.,* 8 *Ga. App.* 767 (4), 768 (70 S. E. 195).  The court therefore did not err in overruling the demurrer in this case.

2. Where suit is brought on a promissory note, which has been transferred to the plaintiff by the administrator of a deceased person, the defendant (the maker of the note), and also her husband acting as her agent, are competent witnesses to testify in her behalf, as to transactions between the deceased person and herself.  Civil Code, § 5858.  None of the exceptions set forth in this section of the code are applicable to this case. *Woodson* v. *Jones,* 92 *Ga.* 662 (19 S. E. 60); *Phillips* v. *Cooper,* 93 *Ga.* 639 (4), 644 (20 S. E. 78); *Gunn* v. *Pettygrew,* 93 *Ga.* 327 (20 S. E. 328); *White* v. *Jones,* 105 *Ga.* 26 (31 S. E. 119); *Hendrick* v. *Daniel,* 119 *Ga.* 360 (46 S. E. 438); *Castleberry* v. *Parrish,* 135 *Ga.* 527 (5), 528 (69 S. E. 817); *Talley* v. *Swindle,* 6 *Ga. App.* 482 (65 S. E. 256).  Therefore the court erred in holding that the defendant and her husband were incompetent to testify as to such transactions, and in excluding their testimony.

3. If the proffered testimony of the defendant and her husband (as set forth in the record) had been admitted, the evidence would not have demanded a verdict for the plaintiff; and the court erred in directing such a verdict.                                     *Judgment reversed.*

DECIDED MARCH 23, 1915.

Complaint; from city court of Madison—Judge Anderson.  December 4, 1913.

*M. C. Few,* for plaintiff in error.

*Middlebrooks & Burruss,* contra.