18782. CAPERS, executor, *v.* BALL *et al.*

ARGUED NOVEMBER 8, 1954—DECIDED MARCH 14, 1955.

*Cumming, Nixon & Eve, John D. Capers*, for plaintiff in error.
*Fulcher, Fulcher & Hagler, Ingram & Barton, R. William Barton*, contra.

WYATT, Presiding Justice. ■ The pauper's affidavit filed in the instant case reads in part as follows: "that he because of his poverty as executor of the estate of Grace Wilson is unable to pay the cost of said case or give security for the eventual condemnation money and that his counsel has advised him that he has good cause for a writ of error." Such an affidavit is not sufficient to avoid the costs in this court, it not being alleged that the estate which the executor represents is unable from poverty to pay said costs. See *Barfield* v. *Hartley*, 108 *Ga.* 435 (33 S. E. 1010); *Hawes* v. *Bank of Elberton*, 124 *Ga.* 567 (52 S. E. 922).

■ The bill of exceptions in the instant case shows that the judgment complained of was rendered on July 27, 1954, and that the certificate of the trial judge was signed on September 15, 1954. It is the duty of this court on its own motion to raise the question of its jurisdiction when there is any doubt as to its jurisdiction. *Cheek* v. *White*, 204 *Ga.* 321 (49 S. E. 2d 819); *Whitehead* v. *Hogan Brothers Lumber Co.*, 205 *Ga.* 890 (55 S. E. 2d 371); *Lanier* v. *Bailey*, 206 *Ga.* 161 (56 S. E. 2d 515). An agreement of counsel to waive such jurisdictional defect can not confer jurisdiction upon this court. *DeLang* v. *Clare*, 137 *Ga.* 291 (73 S. E. 374). Unless it affirmatively appears from the record that the bill of exceptions was tendered to the trial judge on a different date, it will be presumed that the bill of exceptions was tendered to the judge on the date his certificate is signed. *American Freehold Land Mortgage Co. of London* v. *Walker*, 115 *Ga.* 737 (42 S. E. 59); *Friendship Primitive Baptist Church* v. *Fuller*, 180 *Ga.* 469 (179 S. E. 343).

The plaintiff in error insists that the language appearing in the bill of exceptions, as follows: "Now, within the time provided by law, comes John 'D. Capers as executor of the will of Grace Wilson, as plaintiff in error . . . and tenders this his bill of exceptions," etc., when the bill of exceptions is certified by the trial judge, is sufficient to make it affirmatively appear that the bill of exceptions was tendered within the time provided by law. He cites in support of this proposition the following cases: *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (35 S. E. 168); *Proctor* v. *Piedmont Portland Cement Co.*, 134 *Ga.* 391 (67 S. E. 942); *Castleberry* v. *Parrish*, 135 *Ga.* 527 (69 S. E. 817); *Thompson* v. *Stephens*, 138 *Ga.* 205 (75 S. E. 136); *Hartley* v. *Marietta Nursery Co.*, 138 *Ga.* 736 (76 S. E. 39).

In the consideration of this case we have found that there is a conflict in our decisions on this question. Some of the cases holding to the contrary from those cited above are as follows: *American Freehold Land Mortgage Co. of London* v. *Walker*, 115 *Ga.* 737 (42 S. E. 59); *Zachry* v. *Peoples Bank of Franklin*, 168 *Ga.* 469 (148 S. E. 165); *Harris* v. *State*, 117 *Ga.* 13 (43 S. E. 419); *Glawson* v. *State*, 140 *Ga.* 14 (78 S. E. 188); *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280); *Mayor &c. of Monticello* v. *Lawrence*, 62 *Ga.* 672; *Dismuke* v. *Trammell*, 64 *Ga.* 428; *Cloudis* v. *Bank of Tennessee*, 6 *Ga.* 481.

The conflict between these two lines of decisions on this question is irreconcilable. Therefore we are called upon to determine which of these decisions we consider to be sound and to eliminate their conflict. The cases holding that the language above quoted, or language to the same effect, is not sufficient to show affirmatively that the bill of exceptions was tendered in time seem to have existed since the early days of this court. See *Cloudis* v. *Bank of Tennessee*, 6 *Ga.* 481; *Mayor &c. of Monticello* v. *Lawrence*, 62 *Ga.* 672; *Zachry* v. *Peoples Bank of Franklin*, 168 *Ga.* 469 (148 S. E. 165). There are many other cases which could be cited, but these serve to illustrate the long period of time during which this ruling has endured.

The line of cases holding that the quoted language in a bill of exceptions is sufficient when the bill of exceptions is certified by the trial judge seems to have grown out of an act of the General Assembly of 1896, p. 45, which was codified as Code § 6-1312 and reads as follows: "No bill of exceptions shall be dismissed upon the ground that the same was not certified by the judge in the time required by law for tendering and signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was tendered to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal, unless it should appear that the failure to sign and certify the same by the presiding judge within the time prescribed by law was caused by some act of the plaintiff in error or his counsel."

In *Castleberry* v. *Parrish*, supra, it was said: "Where there is a recital in a bill of exceptions that it was presented to the judge within thirty days from the adjournment of the court at

which the decision excepted to was made, and the recitals in the bill of exceptions are certified by the judge to be true and the record affirmatively shows that the bill of exceptions was signed within sixty days of the judgment complained of, the writ of error will not be dismissed merely because it appears that the date of the certificate was more than thirty days from the date of the decision complained of. In this connection see *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168); *Proctor* v. *Piedmont Portland Cement Co.,* 134 *Ga.* 391 (67 S. E. 942). The decisions in the cases of *Mayor &c. of Monticello* v. *Lawrence,* 62 *Ga.* 672, and *Dismuke* v. *Trammell,* 64 *Ga.* 428, were rendered prior to the act of 1896 (Acts of 1896, p. 45)." Similar language appears in *Moore* v. *Kelly & Jones Co.,* supra.

The case of *Castleberry* v. *Parrish,* supra, seems to hold that the act of 1896, supra, changed the law with reference to what will affirmatively show that the bill of exceptions was tendered in time. A simple reading of this act of 1896, shows clearly that the act does not deal with that question at all. It merely provides that a bill of exceptions which is tendered within the time provided by law will not be dismissed because the judge does not certify such bill of exceptions within the time provided for tender. It does not purport to deal with the tender of a bill of exceptions or with what is necessary to show affirmatively that the bill of exceptions was tendered within the time provided by law. Therefore it appears that the cases of *Moore* v. *Kelly & Jones Co.,* supra, *Castleberry* v. *Parrish,* supra, and other cases to the same effect are based upon an unsound construction of the act of 1896, supra.

Therefore, in accordance with our rules, we notified counsel and cited them to show cause why those cases should not be overruled. We have carefully considered the arguments and citations of authority contained in the response of counsel, and are still of the opinion that those cases are unsound. Therefore, the cases of *Moore* v. *Kelly & Jones Co.,* supra, *Castleberry* v. *Parrish,* supra, and all other cases holding to the same effect, in so far as they hold that a mere recital in a bill of exceptions to the effect that the plaintiff comes within the time provided by law, or similar language, is sufficient to show affirmatively that the bill of exceptions was tendered to the judge within the time

provided by law, are hereby expressly overruled. Such a recital is merely a conclusion and is not an affirmative showing of anything. As has been pointed out, the contrary view is based upon an unsound construction of the act of 1896, supra, and will not be followed. It must affirmatively appear either by date of tender or other means definitely fixing the date of tender, either in the bill of exceptions or the certificate of the trial judge, or elsewhere in the record, that the bill of exceptions was tendered within the time provided by law.

■ The 1946 amendment to the act of 1889, p. 114 (Ga. L. 1946, pp. 726, 732; Code, Ann. Supp., § 6-806) does not affect the rulings above made. The effect of that amendment is to provide that, if the form and wording of the certificate of the judge is not exactly as set out in the act, so long as it does not amount to a contradiction of the contents of the bill of exceptions, the bill of exceptions will not be dismissed. This amendment does not in any way affect the force and effect of a certificate, but simply gives to what formerly would have been held to be a void certificate, because not in proper form, the force and effect of a certificate in the form set out in the act.

■ It is insisted that a notation at the top of the cover of the bill of exceptions, which reads "Tendered, Aug. 16, 1954," shows affirmatively that the bill of exceptions was tendered within the time provided by law. This notation is handwritten with what appears to be red pencil. It is not signed or initialed. There is nothing to show who made the notation, when it was made, or for what purpose it was made. Under these circumstances, it can not be considered.

■ The questions raised by the plaintiff in error in his brief filed in response to the notice given by the court are dealt with in the foregoing divisions of the opinion with the exception that it is contended these cases should not be overruled because of the maxim Stare decisis et non quieta movere. Of course, the principle of stare decisis is effective in this State and should be followed unless and until the older decisions on a question have been overruled. If it is to be argued that cases can not be overruled because of stare decisis, then no case could ever be overruled. Certainly, this is not a sound position.

■ It is next contended that cases can not be overruled by

this court unless there has been a request by interested parties to overrule certain cases and then oral argument heard. Code § 6-1611 is relied upon as authority for this position. Even if the legislature had the constitutional power to enact this law, we do not think this Code section sustains either position. Argument can be had either orally or by brief. The section nowhere says that the argument must be oral. We do not think the Code section limits the right of this court to overrule a decision to those cases in which a request is made. The section does provide for a request to be made, but it does not, as we construe the section, limit this court in that particular to those cases in which a request is made. When it appears, as it does in this case, that there is a long line of conflicting decisions that are irreconcilable on a question, we construe it to be the duty of this court to follow that line of decisions appearing to be sound and to expressly overrule the conflicting decisions, and thus remove the uncertainty of the bench and bar as to what rule will be followed in this court.

■ It follows from what has been said above, it does not affirmatively appear that the bill of exceptions in the instant case was tendered within the time provided by law, and therefore it must be dismissed.

*Writ of error dismissed. All the Justices concur.*