### 35768. CORNETT *v.* THE STATE.

CARLISLE, J. 1. Bills of exception shall be tendered to the judge who presided in the cause within 30 days from the date of the decision complained of (Code § 6-902 as amended by the act of 1953, Ga. L. 1953, Nov.-Dec. Sess., pp. 279, 280; Code, Ann. Supp., § 6-902), and this court does not have jurisdiction of a writ of error which has not been tendered to the judge who presided in the cause within that time. See the numerous cases cited under catchword "Time" in the annotations to Code (Ann. Supp.) § 6-902.

2. "Unless it affirmatively appears from the record that the bill of exceptions was tendered to the trial judge on a different date, it will be presumed that the bill of exceptions was tendered to the judge on the date his certificate is signed. *American Freehold Land Mortgage Co. of London* v. *Walker,* 115 *Ga.* 737 (42 S. E. 59); *Friendship Primitive Baptist Church* v. *Fuller,* 180 *Ga.* 469 (179 S. E. 343)." *Capers* v. *Ball,* 211 *Ga.* 502 (87 S. E. 2d 85).

3. A recital in the bill of exceptions that the bill was tendered within the time prescribed by law is a mere conclusion. It must affirmatively appear either by date of tender or other means definitely fixing the date of tender, either in the bill of exceptions or the certificate of the trial judge, or elsewhere in the record that the bill of exceptions was tendered within the time prescribed by law. *Capers* v. *Ball,* supra.

4. Under an application of the foregoing rules of law to the facts of the present case, the writ of error was not tendered to the judge who presided in the cause within the time prescribed by law and must be dismissed for lack of jurisdiction in this court. The judgment to which exception is taken in the bill of exceptions was entered in the trial court on April 1, 1955, and the bill of exceptions was certified by the judge who presided in the cause on May 4, 1955, which is presumptively the date upon which it was tendered to him. It does not, therefore, affirmatively appear that the bill of exceptions was tendered to him within the time prescribed by law notwithstanding the fact that the bill of exceptions contains a recital that it was tendered within the time prescribed by law. The fact that it appears on the bill of exceptions that it was tendered on April 30, 1955, to a judge who did not preside in the cause in no way cures the failure to tender the bill of exceptions to the judge who presided in the cause within the proper time.

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 11, 1955.

478

*Wesley R. Asinof*, for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy, Frank S. French, Assistant Solicitor, Robert O'Neil*, contra.