19537. SPIVEY *v.* NALLEY *et al.*

MOBLEY, Justice. The bill of exceptions in this case excepts to an order sustaining a general demurrer to the petition of the plaintiff in error, which order was entered on August 22, 1956, by Judge Frank Guess of DeKalb Superior Court. Thirty days thereafter on September 21, 1956, the bill of exceptions was submitted to Judge Clarence Vaughn of DeKalb Superior Court. Judge Vaughn entered the following notation upon the bill: "This bill of exceptions tendered to me, in absence of Judge Guess. This Sept. 21st 1956. Clarence Vaughn, Judge." On September 24, 1956, Judge Guess certified the bill of exceptions. The defendant in error has made a motion to dismiss the bill of exceptions on the ground that it was not tendered to the trial judge within the required time. *Held:*

The provisions of the law respecting the procedure to be followed in perfecting appeals to this court are jurisdictional, and unless this court has jurisdiction of a case, it is without power or authority to render a judgment upon review. In *Capers* v. *Ball,* 211 *Ga.* 502 (87 S. E. 2d 85), this court clarified the law with respect to the time within which a bill of exceptions must be tendered and held that it must affirmatively appear that the bill of exceptions was tendered within the time provided by law in order to confer jurisdiction upon this court. As to whom the bill should be tendered, Code (Ann. Supp.) § 6-902 provides that "Bills of exception shall be tendered to the judge who presided in the cause within 30 days from the date of the decision complained of." Code

§ 6-906 provides: "If the judge shall be absent from home or by other casualty shall fail to certify the bill of exceptions within the time specified (and without fault of the party tendering), he may sign and certify as soon as possible which shall be held and deemed valid." Thus, where counsel has exercised due diligence and is without fault in failing to tender his bill to the trial court within time, a certification after the required time will be held valid. Is the notation of Judge Vaughn sufficient to excuse the plaintiff in error under the provisions of Code § 6-906? In our opinion it is not. The notation is that the bill was tendered to Judge Vaughn in the absence of Judge Guess. Where Judge Guess was absent from is not stated. In his certification, Judge Guess did not refer to the matter. He did not state that he was absent from his home or that counsel was without fault in failing to tender the bill to him within the required time. There is nothing whatever in the bill of exceptions to account for the failure to tender the bill within the required 30 days. In an early case (*Mayor &c. of Monticello* v. *Lawrence & Pope*, 62 *Ga.* 672, 674), where a writ of error was dismissed because it did not affirmatively appear that it was tendered and certified within time, this court stated: "If the case happens to be one not falling within the general rule of 30 days, what renders it an exception must be stated authoritatively by the judge, otherwise the rule and the exceptions would become intermingled and confounded, so that it would be impossible to tell by inspection of the papers which cases are brought hither under the one and which under the others. It would be the same, practically, as having all exceptions and no rule, and this, in its last analysis, is to have neither rule nor exceptions." Upon the same principle, where a bill is not tendered to the judge who presided in the cause within the time prescribed by law, in order to save the bill from dismissal the reason for such failure must be one provided under the law, and that fact must authoritatively appear for inspection by this court. Where no legal reason appears to excuse such failure, this court can not assume that a reason existed which would constitute a legal justification. Counsel for the plaintiff in error made no contention that they were unable to tender the bill to Judge Guess because of his absence from home, or were unable to do so due to any other reason. Neither did Judge Gue s certify to any such fact. For a case almost identical upon its facts as the instant case, and where the same result obtained, see *Cornett* v. *State*, 92 *Ga. App.* 477 (88 S. E. 2d 755).

No reason being shown excusing a failure to comply with the requirements of Code (Ann. Supp.) § 6-902, the failure to comply with this Code section renders this court without jurisdiction of the writ of error and the bill of exceptions must be and is

*Dismissed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED NOVEMBER 16, 1956—DECIDED JANUARY 15, 1957.

*Albert B. Wallace, Edwin S. Kemp,* for plaintiff in error.
*O. J. Coogler, Jr., Marion Sams,* contra.