## 36627. DAVIS v. SOUTHERN RAILWAY COMPANY.

NICHOLS, J. James E. Davis brought an action against Southern Railway Company in the Superior Court of Fulton County under the Federal Employers' Liability Act (45 U.S.C.A.). On December 4, 1956, Judge Pye sustained the defendant's general demurrers to the petition, as well as certain special demurrers, and dismissed the petition. On January 2, 1957, according to the writ of error, the writ of error was tendered to Judge Moore, also one of the judges of said court, and on January 23, 1957, Judge Pye certified the bill of exceptions and stated thereon, "Due to undersigned absence from his office in the courthouse, [the bill of exceptions], was tendered into court January 2, 1957 and marked 'Tendered' by the Honorable Virlyn B. Moore within the time required by law." *Held:*

1. Code § 6-906 provides in part, "If the judge shall be absent from home, or by other casualty shall fail to certify the bill of exceptions within the time specified (and without fault of the party tendering), he may sign and certify as soon as possible, which shall be held and deemed valid."

2. "Absence from his office in the courthouse" does not have the same import as "absent from his home."

3. Where it is not shown that the judge who presided in the cause was unable to be reached within the time provided by Code (Ann. Supp.) § 6-902 for some reason sufficient under Code § 6-906, supra, the fact that he later certified the bill of exceptions will not confer jurisdiction on this court. See *Capers* v. *Ball*, 211 *Ga.* 502 (87 S. E. 2d 85).

4. The tender of the bill of exceptions to a judge who did not preside in the case in no way cures the failure to tender the bill of exceptions to the judge who presided in the cause within the proper time. *Cornett* v. *State*, 92 *Ga. App.* 477 (88 S. E. 2d 755).

*Writ of error dismissed.* *Felton, C. J., and Quillian, J., concur.*
DECIDED APRIL 2, 1957.

*Endicott & Endicott, Lucian J. Endicott, Mary Carter Endicott,* for plaintiff in error.
*Marshall, Greene & Neely, Edgar A. Neely, Jr.,* contra.