37369.   MOODY *v.* HOLLOWAY.

CARLISLE, Judge.   Under the provisions of section 12 of the Resolutions of the General Assembly ratifying and confirming

the rules of practice and procedure in civil and criminal actions promulgated by the Supreme Court (Ga. L. 1957, pp. 224, 244), when any judge of a city or county court authorized by law to certify a bill of exceptions is not within the county at the time the bill of exceptions is tendered, "the party desiring to tender the said bill of exceptions, or his counsel, may present the bill of exceptions to the clerk of the court in which the cause is pending. [The clerk] shall mark the bill of exceptions 'tendered' with the date and hour of tender and shall retain it" until the judge authorized by law to certify the bill of exceptions shall have returned to the county, at which time he shall present it to the judge for his certification. This rule of practice provides the sole means by which a bill of exceptions may be tendered in the absence of the judge authorized to certify it. Accordingly, where, as in this case, the certificate of the trial judge shows that counsel for the plaintiff in error left the bill of exceptions in the judge's office at 4:50 p.m. on the last day in which it could be legally tendered with a note attached thereto requesting the court to mark the bill of exceptions "tendered" as of such last day, and where the certificate shows that the trial judge did not in fact return to his office or have the bill of exceptions called to his attention until the next morning at which time he certified it and further certified to the foregoing facts, which time was one day too late, there was no legal and timely tender of the bill of exceptions and the writ of error must, therefore, be dismissed. Code (Ann.) § 6-902; *Cornett* v. *State*, 92 *Ga. App.* 477 (88 S. E. 2d 755). There is no provision of law authorizing the tender of the bill of exceptions to the judge's office in his absence, and merely leaving the bill of exceptions on the judge's desk in his office within the time provided by law does not constitute tender. Where counsel waits until the last day in which to tender a bill of exceptions, he runs the risk of being unable to find the judge, and he does so at his peril. The only procedure which will suffice in the place of actual tender to the judge himself is tender to the clerk in accordance with the provisions of the law cited.

*Writ of error dismissed.   Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 14, 1958—REHEARING
DENIED NOVEMBER 25, 1958.

*Michael J. Gannam,* for plaintiff in error.
*Jack H. Usher,* contra.