### 38037. MOSS *v.* MOSS *et al.*

GARDNER, Presiding Judge. A motion is made to dismiss the bill of exceptions for the reason that it was not tendered within the time prescribed by law. The order of the trial court is dated July 20, 1959. The certificate of the trial court certifying the bill of exceptions is dated September 29, 1959.

Counsel makes the point in this case as follows: The plaintiff in error tendered his bill of exceptions within the 30-day period allowed, not to Superior Court Judge Alverson, who entered the judgment complained of, but to Superior Court Judge Tanksley and J. W. Simmons, Clerk, both of whom acknowledged tender of the bill of exceptions. It was then transferred to Judge Alverson, who certified it, but who failed to say in the certificate that he was temporarily absent from the circuit when it was tendered. Under such a situation, the signature of the clerk that the bill of exceptions was tendered to him will not prevent dismissal. *State Highway Dept.* v. *Strange,* 100 *Ga. App.* 649 (112 S. E. 2d 285).

Under *E. Z. Shop Curb Serv. Shop* v. *Pearce,* 100 *Ga. App.* 785 (112 S. E. 2d 412), Code § 6-906 as amended by the act of 1957 (Ga. L. 1957, pp. 224, 242), which would have authorized a tender of the bill of exceptions to another judge in the

circuit "relates to those situations where the judge who presided in the trial of the cause has for any reason ceased to hold office or is otherwise permanently incapable of acting." Under the same case, Code § 6-902 is the only section relating to *tender* (as opposed to certification) of bills of exceptions. The act of 1957 (Ga. L. 1957, pp. 224, 244) struck the provision that the bill of exceptions shall be tendered "To the judge who presided in the cause" and replaced it with, bills of exceptions shall "be tendered to any judge authorized by law to certify them," and it added at the end: "If in any case no judge authorized by law to certify a bill of exceptions is within the circuit where the case is pending. . . at the time when a bill of exceptions must be tendered, the party desiring to tender the said bill of exceptions, or his counsel, may present the bill of exceptions to the clerk of the court. . ." etc.

The *Pearce* case held that this did not mean that, where the judge who presided was *temporarily* absent, the tender must be made to another judge of the circuit if such judge was available, before tender to the clerk would be proper, but indicates that tender to such other judge referred to the situations covered by Code § 6-906 which refers only to permanent absence of the judge presiding in the cause. It follows that the judge "authorized to certify" the bill of exceptions is still the judge who presided in the cause, unless he is permanently unavailable, in which case it is another judge as set out in Code (Ann.) § 6-906, and that the tender of this bill of exceptions to Judge Tanksley and his acceptance of it was unauthorized, and the motion to dismiss is good. Where the judge is *temporarily* absent, the bill of exceptions should be tendered to the clerk and the certificate should recite the judge's temporary absence.

It follows that this court must dismiss the bill of exceptions. See *Whitley* v. *Kelly,* 136 *Ga.* 835 (72 S. E. 346), *Capers* v. *Ball,* 211 *Ga.* 502, 503 (87 S. E. 2d 85), *Spivey* v. *Nalley,* 212 *Ga.* 810 (96 S. E. 2d 260), *Phillips* v. *Taylor,* 214 *Ga.* 221 (104 S. E. 2d 96), and *Davis* v. *Southern Ry. Co.,* 95 *Ga. App.* 467 (98 S. E. 2d 127).

*Bill of exceptions dismissed. Townsend and Carlisle, JJ., concur.*

DECIDED FEBRUARY 16, 1960.

*Wm. V. George,* for plaintiff in error.
*Reeves & Collier, Rex T. Reeves, Merrell Collier,* contra.