40420. STATE HIGHWAY DEPARTMENT
v. SWAIN et al.

Decided December 2, 1963.

*Eugene Cook, Attorney General, E. J. Summerour, Carter Goode, Assistant Attorneys General, J. Lundie Smith, Deputy Assistant Attorney General, W. J. Gibbons,* for plaintiff in error.

*Franklin, Barham, Coleman, Elliott & Blackburn, O. W. Franklin, Jr.,* contra.

RUSSELL, Judge. The general rule is that all bills of exceptions (with a single exception relating to change of venue) must be tendered within 30 days of the decision complained of. *Code Ann.* § 6-902. The Act of 1957 (Ga. L. 1957, p. 224 et seq.) amended both *Code Ann.* § 6-902 and § 6-906 in an effort to eliminate dismissal of cases under certain circumstances which worked a hardship on the plaintiff in error. The amendment to *Code Ann.* § 6-902 provided, as to superior courts, only for instances where no judge authorized by law to certify a bill of exceptions was within the circuit; under these circumstances the bill of exceptions may be tendered to the clerk of court, who *shall* mark it tendered and *retain it until the judge of the superior court has returned to the county* in which it is pending, at which time he *shall* deliver it to that judge for certification. Thus, *Code Ann.* § 6-902 raises a mandatory commitment by the plain-

tiff·in error in cases where the bill of exceptions is tendered to the clerk of court, that it be left for certification by a judge of the latter's circuit, and a mandatory commitment by the clerk that he retain it until he delivers it to a judge presiding in his court.

On the other hand *Code Ann.* § 6-906 as amended by the same Act provides for instances where, at the time the bill of exceptions is tendered, there is no judge capable of acting at the time the bill of exceptions is tendered (whether such judge be in office or not, and whether he be within the confines of the circuit or not). Under these circumstances the bill of exceptions may be tendered to any superior court judge within the State *so long as this is done within the 30 day period allowed by law.*

An order or certificate signed by a judge not a judge of the circuit where the action is pending and not otherwise authorized by law is void. *First Nat. Ins. Co. v. Thain,* 107 Ga. App. 100, 104 (129 SE2d 381). In *Brantley v. Thompson,* 216 Ga. 164, 166· (115 SE2d 533) it was held: "That portion of *Code Ann.* § 6-902 which we have quoted above authorized and empowered the Clerk of the Superior Court of Ware County to accept and mark 'tendered' these bills of exceptions only when Judge Roddenberry was actually absent from his circuit; and until the contrary appears, it will be conclusively presumed that such clerk, as a public officer not only acted within the scope of his legal authority but acted properly in the performance of such duty and only when authorized so to act." A question arises as to whether a contrary state of facts appears here from the certificate of Judge Lilly attached to the motion to dismiss stating that he was not absent from the circuit at the time, and that he was not incapacitated to act after August 27. The general rule is that the appellate court may not consider even a supplemental certificate by the judge signing the original bill of exceptions which changes or modifies recitals of fact therein. *Woolf v. State,* 104 Ga. 536 (3) (30 SE 796). If Judge Lilly's statement is to be considered (where it does not purport to be a certification of the bill of exceptions, but to controvert the recital in the bill that "there ·[was] no judge authorized by law to certify a bill of exceptions within the circuit where the case is pending") the bill of.·exceptions was not properly tendered to the clerk of court

under *Code Ann.* § 6-902. If it is not considered, the tender to the clerk was proper, but the certification was not made under such tender. It was, on the contrary, made under the provisions of *Code Ann.* § 6-906 which gives authority to a judge of another circuit to certify where there is no judge in the trial circuit or such judge is incapable of acting. When the tender is made to the clerk under *Code Ann.* § 6-902 the clerk must deliver the bill of exceptions to the trial judge or a judge acting in lieu of such judge in the trial circuit. Where the tender is made under *Code Ann.* § 6-906 it may be made to a judge of another circuit if there is no judge available in the trial circuit, but it must be made within 30 days from the date of the order or judgment complained of. Neither procedure was followed here. The certificate on the bill of exceptions shows on its face that it was not signed within the time provided by law, from which it follows, *Cornett v. State,* 92 Ga. App. 477 (88 SE2d 755) et cit., that the bill of exceptions must be

*Dismissed. Felton, C. J., and Bell, P. J., concur. Eberhardt, J., disqualified.*