No. 63. Radford R. Cloudis, plaintiff in error, *vs.* The Bank of Tennessee, defendant.

[1.] It must *affirmatively* appear, either by the certificate of the presiding Judge, or the transcript of the record sent up by the Clerk, that the bill of exceptions was signed and certified within thirty days after the close of the term in which the cause was heard.

Motion to dismiss the writ of error.

1st. Because the bill of exceptions was not signed by the presiding Judge below within thirty days, as required by law.

2d. Because the bill of exceptions, writ of error, and citation and notice were not filed with the Clerk in the Court below, as required by law, within ten days after the bill of exceptions was signed.

3d. Because there has been no notice given.

4th. Because there has been no notice filed in the Clerk's office of the Court below.

5th. Because there is no certificate by the Clerk of the Court below, of the record and original papers, as required by law and the rules of Court.

It appeared from the record, that the cause was tried on Tuesday, the 17th of October, 1848, and the bill of exceptions was signed on November 20th, 1848.　It did not appear from any of the papers on what day the Court adjourned.

On the bill of exceptions there was the certificate of the Clerk, dated December 1st, 1848, that these " were the original writ of error and citation filed in his office."

There was among the papers a writ of error, citation and no-

Cloudis *vs.* Bank of Tennessee.

tice, but there was no entry on either of their being filed in the office of the Clerk below.

There was also a loose paper, purporting to be the certificate of the Clerk, that the accompanying papers were a true transcript of the record of the proceedings of the Court below. This paper was dated December 1st, 1848.

There was no certificate by the Clerk, showing that the bill of exceptions or notice of the signing thereof, ever were filed in his office.

Hooper & Mitchell, for the motion.

W. H. Underwood, contra.

*By the Court.*—Lumpkin, J. delivering the opinion.

The pleadings in this case are incurably defective. The law requires that notice of the signing of the bill of exceptions shall be given to the adverse party, or his counsel, within ten days after the same shall have been done, and filed in the Clerk's office, with the bill of exceptions. This requisition of the Statute has not been complied with.

Again: by the Act of 1845, bills of exceptions, in both civil and criminal cases, were required to be drawn up and submitted to the Judge before whom such cause was tried, within four days after the trial thereof. This provision is repealed by the Act of 1847, and in lieu thereof, the party complaining is allowed thirty days after the close of the term in which said cause was heard, for drawing up and submitting his bill of exceptions for the signature and certification of the Judge.

[1.] Still it must be made *affirmatively* to appear from the record, that this duty has been performed within the time prescribed, to wit: thirty days after the close of the term in which said cause was heard; and this can be shown, either by the statement of the Judge in his certificate, or by the Clerk's embodying in the transcript of the record, the day of the adjournment of the Court at which the cause was decided.

It has often been intimated, that too much *precision* is exacted in bringing up cases to this Court. Our reply is, that in the distribution of power, we are the law-*expounding* and not the law-

*making* or law-*executing* department of the Government, and that we are ready, at all times, cheerfully to obey the will of the sovereign authority, in this as in every other matter.   Whatever changes experience may suggest in the organic law creating this Court, dispensing with the *notice* of the signing of the bill of exceptions, and with the *filing* of these documents in the proper office, can hardly be reckoned among the number.   For, however liberal the Legislature may have been upon the subject of amendments, they still require, and I apprehend always will, that process should be annexed to the writ, *and the defendant served with a copy*, a reasonable time before the trial.   To do less would be to insure surprise, trick and artifice.   If it was unreasonable, in the opinion of the Roman Governor, to send a prisoner, and not to signify withal the crimes alleged against him, the law judges it to be equally so, to pass upon the dearest civil rights of the citizen, without first giving him *notice* of his adversary's complaint.   But the policy or propriety of this, as well as every other matter appertaining to the subject, belongs exclusively to another tribunal.   In the meantime, we do but simply discharge our duty in executing whatever the people, through their representatives, have seen fit to ordain, resting upon the maxim, *id quod sibi populus constituet, jus est.*