No. 80.—Justices of the Inferior Court of Putnam County, for the use, &c. plaintiffs in error, *vs.* John Barrington and others, defendants.

[1.] The fact must appear affirmatively, that the bill of exceptions was tendered and signed within the time prescribed by the Statute.

In this cause a motion was made to dismiss the writ of error, on the ground that it did not appear that the bill of exceptions was signed and certified within thirty days from the adjournment of the Court.

The bill of exceptions specified that the cause was tried at Feb-

Justices Inferior Court of Putnam County *vs.* Barrington and others.

ruary Term, Baldwin Superior Court, which sits on the 4th Monday in said month.    The certificate of the Judge bore date 29th March, 1849.

ADAMS and CONE, for the motion.

J. WINGFIELD and DAWSON, contra.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] By the old law organizing this Court, it was necessary that the plaintiff in error should tender his bill of exceptions, and that the presiding Judge should sign it, within four days after the trial of the cause.    1 *Kelly,* 6.    By the Act of 1847, the Legislature has altered this provision of the first law, and now parties plaintiffs in error may draw up and submit for the signature of the presiding Judge, their bills of exceptions, within thirty days after the close of the term in which the cause was heard.    The bill must now be certified and signed within thirty days from the adjournment of the term.    A bill not signed within that time, is not, by the law of the State, cognizable by this Court; and the bill, or the record, or both, must show that it is signed within that time.    We cannot look out of the record for any thing.    It must appear to us affirmatively, and that by the papers regularly brought here, that the law has been complied with.    The date of the signature of the Judge in this case we have, but the time of the adjournment of the term at which the cause was tried no where appears.    However painful the duty, we have no alternative but to dismiss the cause.    A convenient practice would be for the Clerk to certify the day of adjournment with the record. If, however, it appears from the bill or the record, when the term closed, it will be sufficient.    *See Act of* 1847, *Pamphlet, p.* 82.