## EVANS v. THE STATE.

Where a bill of exceptions in a criminal case recites that it is presented "within thirty days from the adjournment of the . . term of the court" at which the judgment complained of was rendered, and it does not appear from either the record or the bill of exceptions that the latter was tendered within twenty days from the date of such judgment, this court is without jurisdiction to entertain the writ of error.

Submitted February 18, — Decided February 26, 1901.

Practice in the Supreme Court.

*Blalock & Cobb,* for plaintiff in error.
*Frank A. Hooper, solicitor-general,* contra.

SIMMONS, C. J.    From the bill of exceptions it appears that the case of the State *v.* Evans was tried at the November term, 1900, of the superior court of Sumter county.    The accused, upon the call of the case, filed a challenge to the array of jurors put upon him.    The court sustained a demurrer to the challenge, and to this the accused, after the jury had returned a verdict of guilty, sought to except.    The judge's certificate to the bill of exceptions bears date as of January 3, 1901, and there is nothing in either the transcript of the record or in the bill of exceptions to indicate that this was within the time prescribed by law.    The challenge appears from the record to have been filed in the clerk's office on December 4, 1900, but it does not appear when the judge passed upon the demurrer thereto.    Nor does the record show when the verdict of the jury was returned.    From December 4, when the challenge was filed, to January 3, when the bill of exceptions was certified, was more than twenty days, and it can not be ascertained from the record that the judgment complained of was not rendered until within twenty days of the date of the judge's certificate.    Nor can it be determined from the bill of exceptions that the tender was within the twenty days allowed in such cases.    The only reference in the bill of exceptions to the time of the tender or of the decision is a recital that the bill of exceptions is presented "within thirty days from the adjournment of the said November term of the court at which said trial of the defendant was had."    We can, therefore, say positively that it does not appear, from either the transcript of the record or the bill of exceptions, that the latter was tendered in time.

Should this court presume that a bill of exceptions is in time when nothing to the contrary appears, or must it *affirmatively* appear that the bill of exceptions was tendered within the time prescribed by law? In *Cloud's* v. *Bank*, 6 *Ga.* 481, it was held that "it must be made *affirmatively* to appear from the record" that the bill of exceptions was drawn up and submitted to the judge within time, and that "this can be shown either by the statement of the judge in his certificate or by the clerk's embodying in the transcript of the record the day of adjournment of the court." In *Russell* v. *March*, 6 *Ga.* 491, it was held that it should appear that the bill of exceptions was signed and certified in time. The case of *Justices* v. *Barrington*, 6 *Ga.* 578, was one in which the bill of exceptions should have been signed within thirty days from the adjournment of the term. The date of the judge's signature appeared, but there was nothing to show the date of the adjournment of the term. The writ of error was dismissed on the ground that it did not affirmatively appear from the bill of exceptions or the record that the former was tendered and signed within the time prescribed. In *Newton* v. *Burtz*, 44 *Ga.* 599, the writ of error was dismissed because, while the time of tendering and of certifying appeared, it did not affirmatively appear that that time was within thirty days after the close of the term in which the case was heard. On the same grounds the writ of error was dismissed in *Walters* v. *Morgan*, 46 *Ga.* 567. See also *Bush* v. *Keaton*, 65 *Ga.* 296. In *Broom* v. *State*, 99 *Ga.* 197, it appeared that the bill of exceptions was certified more than twenty days after the last day upon which the regular term of the court could sit, and it did not appear whether or not the case was tried at an adjourned term. The writ of error was dismissed on the ground that it did not affirmatively appear "that the bill of exceptions was certified within twenty days from the date of the judgment complained of, and presumptively it was certified after the lapse of more than twenty days from that time." In view of these adjudications we feel no hesitancy in holding that the present writ of error must be dismissed. That the bill of exceptions was tendered in time is one of the facts which must appear in order to show that this court has jurisdiction. The writ of error must be dismissed unless it affirmatively appears, from the bill of exceptions and the judge's certificate thereto or from the transcript of the record, that the bill of exceptions was tendered

within the time prescribed by law. In criminal cases the tender must be made within twenty days from the date of the judgment or decision complained of, and it does not appear that this was done in the present case.

*Writ of error dismissed. All concurring, except Cobb, J., absent.*