## BONDS *v* BERDETT.

Though a petition for certiorari does not upon its face show that it was presented to the judge of the superior court for sanction within the time prescribed by law, yet where it is in fact sanctioned, and the answer to the writ of certiorari discloses that less than thirty days elapsed between the trial in the justice's court and the sanction, it is erroneous at the hearing in the superior court to dismiss the certiorari on the ground that it does not affirmatively appear " in the petition for certiorari that said petition was sanctioned within the time prescribed by law."

Submitted March 2,—Decided March 27, 1901.

Certiorari. Before Judge Russell. Gwinnett superior court. March 15, 1900.

*Juhan & McDonald*, for plaintiff.

LEWIS, J.　The petition for certiorari in this case states that " at the October term, 1899, of the justice's court of the 571 district of Gwinnett county, there came on to be tried . . the case of your petitioner against H. D. Berdett." This petition was sanctioned by the judge of the superior court on November 11, 1899. According to the bill of exceptions, the answer of the magistrate (which was not brought before this court) stated that the case was tried on October 21, 1899. At the hearing the following order was passed : " It not affirmatively appearing in the petition for certiorari that said petition was sanctioned within the time prescribed by law, on motion of defendant's counsel the petition is dismissed, and defendant's counsel have leave to sign judgment for costs." To the rendition of this judgment the plaintiff in certiorari excepts.

Section 4642 of the Civil Code declares that "all writs of certiorari shall be applied for within thirty days after the final determination of the case in which the error is alleged to have been committed, and not after." Plainly, then, the judge below might well have refused to sanction the petition for certiorari in the present case, on the ground that it did not show on its face that it was presented to him for sanction within the time prescribed by law, and had he done so the plaintiff would have had no cause to complain. The judge, however, did sanction the petition, and the magistrate duly filed his answer in accordance with the order of the court. This answer, read in connection with the date of the order sanctioning the petition, showed that in fact the plaintiff had complied with the requirement of law with reference to the time within which his petition was presented to the judge. The answer was not traversed. This court has uniformly held that, as to all matters occurring on a trial in a justice's court, the superior court will be governed by the answer of the magistrate, and not the petition for certiorari. See *Warren* v. *Wilson*, 63 *Ga.* 372; *Akridge* v. *Watertown Co.*, 77 *Ga.* 50; *Simpson* v. *McBride*, 78 *Ga.* 300; *Gartrell* v. *Linn*, 79 *Ga.* 700; *Knowles* v. *Coachman*, 109 *Ga.* 356; *Hopkins* v. *Ry. Co.*, 110 *Ga.* 85. The magistrate's answer being before the court, and being as much a part of the record as the petition for certiorari, we can see no reason why reference should not be had to it for information tending to enlighten the court as to whether or not the petition was entitled to consideration. To hold otherwise would be to apply to petitions for certiorari a more rigid rule of formality than is applied to bills of exceptions. For the purposes under consideration there is a close analogy between them, for each is a form of pleading from a lower to a higher court. Certainly it would not be reasonable to require greater strictness in the preparation of petitions for certiorari than is laid down for the highest and most formal class of pleading known to our law; and this court has repeatedly held that in determining whether or not a bill of exceptions has been tendered to the trial judge within the time prescribed by law, reference may be had to either the bill of exceptions, the certificate of the judge, or the transcript of the record. *Cloudis* v. *Bank of Tennessee*, 6 *Ga.* 481; *Russell* v. *March*, 6 *Ga.* 491; *Justices, etc.*, v. *Barrington*, 6 *Ga.* 579; *Newton* v. *Burtz*, 44 *Ga.* 599; *Dismuke* v. *Trammell*, 64 *Ga.* 429; *Gregory* v. *Daniel*, 93 *Ga.* 795; *Evans* v. *State*, 112 *Ga.* 763.

In view of the foregoing, we are of opinion that the court below erred in dismissing the petition for certiorari.

*Judgment reversed.    All the Justices concurring.*