### CRAWFORD *v.* GOODWIN.

ATKINSON, J. 1. It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented* within the time prescribed by law. *American Freehold Mortgage Co.* v. *Walker,* 115 *Ga.* 738 (2); *Evans* v. *State,* 112 *Ga.* 763; *Harris* v. *State,* 117 *Ga.* 13.

2. The law embodied in section 5539 of the Civil Code does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error in a judgment rendered during a given term, for more than 30 days after the final adjournment of the court for that term. *Dietz* v. *Fahy,* 107 *Ga.* 325.

3. Where a bill of exceptions recites that a case was tried at the April term, 1906, of a named superior court, and the bill of exceptions was certified by the judge on August 20, 1906, and it appears from the certificate of the clerk that the April term was finally adjourned on July 11, 1906, and where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed for the reason that the bill of exceptions was not tendered within 30 days from the date of final adjournment.

*Writ of error dismissed. Fish, C. J., absent. The other Justices concur.*

Submitted March 12,—Decided April 12, 1907.

Motion to dismiss the writ of error.

*B. B. McCowen* and *Timothy S. Lyons,* for plaintiff in error.

*F. W. Capers,* contra.