## GLAWSON *v.* THE STATE.

FISH, C. J. A bill of exceptions assigning error upon a judgment overruling a motion for a new trial in a criminal case must be tendered to the judge within twenty days from the rendition of the judgment. Penal Code, § 1102; Civil Code, § 6153.

(*a*) Accordingly, where it appears from a bill of exceptions in a criminal case that the plaintiff in error was convicted on October 30, 1912, and on the next day during the term of court filed a motion for a new trial, and on the same date a rule nisi was granted, calling upon the solicitor-general to show cause, at chambers on November 18, 1912, why a new trial should not be granted, and on November 22, 1912, the motion by consent of counsel for both sides was heard and a new trial was refused on the last-named date, and on March 28, 1913, a bill of exceptions was presented to the judge, complaining of the judgment refusing a new trial, and the judge certified the bill of exceptions on the date it was presented, the Supreme Court has no jurisdiction to entertain the writ of error. See *Harris* v. *State,* 117 *Ga.* 13 (43 S. E. 419) ; *Crawford* v.

*Goodwin*, 128 *Ga.* 134 (57 S. E. 240) ; *Sistrunk* v. *Mangum*, 138 *Ga.* 222 (75 S. E. 7).

(*b*) In a case of the character above stated, jurisdiction is not conferred upon the Supreme Court to entertain the bill of exceptions by an averment therein to the effect that the delay in tendering it was caused by the refusal of counsel, who represented plaintiff in error on the trial, to proceed further with the case, and the inability of plaintiff in error to procure other counsel to present the bill of exceptions within twenty days from the decision refusing a new trial.

*Writ of error dismissed. All the Justices concur.*
MAY 13, 1913.

Indictment for murder. Before Judge James B. Park. **Jones** superior court. November 22, 1912.

*John R. Cooper,* for plaintiff in error. *T. S. Felder, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.