### 5570.   WALLACE *v.* THE STATE.

The date of the judge's certificate to a bill of exceptions will be presumed to be the date on which it was tendered to him, where it does not affirmatively appear, from the bill of exceptions or from his certificate, that it was tendered on a different date. To give the Court of Appeals jurisdiction in a criminal case, the bill of exceptions must be tendered within twenty days from the rendition of the judgment complained of; and where the date on which it was tendered does not affirmatively appear, and the recital therein that it was tendered "within the time provided by law" is qualified by the additional words, "and within thirty days of the entry of judgment overruling said motion for a new trial" (the judgment complained of), and the certificate of the judge is dated 28 days after the rendition of the judgment, the jurisdiction of this court to entertain the writ of error is not affirmatively established.

                    DECIDED FEBRUARY 18, 1915.

Motion to dismiss writ of error.

*Smith & Smith,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

RUSSELL, C. J. The plaintiff in error was convicted upon an accusation charging a violation of the prohibition law, and made a motion for a new trial. The motion was overruled on January 24, 1914, and thereafter a bill of exceptions was presented. The bill of exceptions was certified by the judge (as appears by the date of his certificate) on February 21, 1914. A motion was made to dismiss the bill of exceptions upon the ground that it was not tendered and signed within twenty days from January 24, 1914, as required by the provisions of section 6153 of the Civil Code; and this motion must be sustained. Counsel for the plaintiff in error, in support of their contention that the bill of exceptions should not be dismissed, rely upon the decisions in *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168), and in *Taliaferro* v. *Smiley,* 112 *Ga.* 62 (37 S. E. 106), and contend that there is nothing in the record to show that the delay of the judge in signing the bill of exceptions was caused by the plaintiff in error or his counsel.

If there were anything in the record to indicate that this bill of exceptions was in fact tendered to the trial judge within twenty

days, and that any definite period of time elapsed between the time when the bill of exceptions was presented to the judge and the 21st day of February, when he signed the certificate, we would decline to dismiss the writ of error. Where a bill of exceptions in a criminal case affirmatively recites that it is tendered within twenty days from the rendition of the decision of which complaint is made, and the trial judge in terms of the statute certifies that it is true, this court, in accordance with the principle announced in the case of *Taliaferro* v. *Smiley,* supra, will assume that it was tendered in due time. However, in the present bill of exceptions, while it is stated that the bill of exceptions is tendered "within the time provided by law," it is stated in immediate connection therewith that the bill of exceptions was tendered within *thirty* days of the entry of the judgment of which complaint was made, and consequently it is not apparent that there was any delay between the tender of the bill of exceptions and the judge's certificate thereto; on the contrary, it is rather evident that there was no delay. The recital of the bill of exceptions upon this point is as follows: "And now within the time provided by law, and within thirty (30) days of the entry of judgment overruling the said motion for a new trial, comes the defendant and tenders this his bill of exceptions and prays," etc.

The requirements as to the time within which bills of exceptions must be tendered, served, and sent up are imperative; for upon compliance with these requirements depends this court's jurisdiction to consider the writ of error, and the motion to dismiss in the present cases raises the same question as that presented to the Supreme Court in *American Mortgage Co.* v. *Walker,* 115 *Ga.* 738 (42 S. E. 59), in which it was held that it must affirmatively appear that the bill of exceptions was tendered within the time prescribed by law, and in which Presiding Justice Lumpkin held that this all-important jurisdictional fact is not a legitimate subject of bare presumption, and that when it is not made to affirmatively appear, either from the bill of exceptions or from the transcript of the record, the writ of error must be dismissed. Numerous decisions of the Supreme Court on this point were cited and construed by Chief Justice Simmons in *Evans* v. *State,* 112 *Ga.* 763 (38 S. E. 78).

Under the provisions of section 6153 of the Civil Code, and section 1102 of the Penal Code, criminal cases must be brought up

by fast bills of exceptions, such as formerly applied peculiarly to applications for injunction, and for discharge in bail trover and to judgments granting or refusing alimony, mandamus, or other extraordinary remedies, and "the bill of exceptions shall be tendered and signed within twenty days from the rendition of the decision." It has been so frequently held by the Supreme Court that unless the bill of exceptions is tendered within that time, the reviewing court is without jurisdiction to entertain a writ of error in such a case, that it seems unnecessary to cite authority to this effect; but, in addition to the cases already referred to, see *Harris* v. *State*, 117 *Ga.* 13 (43 S. E. 419); *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240); *Sweat* v. *Georgia Naval Stores Co.*, 129 *Ga.* 571 (59 S. E. 273); *Curtis* v. *Mansfield*, 132 *Ga.* 444 (64 S. E. 327). It is, of course, well settled that reference may be had either to the bill of exceptions, the certificate of the judge, or the transcript of the record, in determining whether or not a bill of exceptions has been tendered within the time prescribed by law. *Barnes* v. *Berdett*, 113 *Ga.* 114 (38 S. E. 304), citing *Cloudis* v. *Bank of Tennessee*, 6 *Ga.* 481; *Russell* v. *March*, 6 *Ga.* 491; *Justices* v. *Barrington*, 6 *Ga.* 579; *Newton* v. *Burtz*, 44 *Ga.* 599; *Dismuke* v. *Trammell*, 64 *Ga.* 429; *Gregory* v. *Daniel*, 93 *Ga.* 795 (20 S. E. 656); *Evans* v. *State*, 112 *Ga.* 763 (38 S. E. 78). But if, after such reference, it does not *affirmatively* appear that the bill of exceptions was tendered in time, it is equally well settled that the court is without jurisdiction and the writ of error must be dismissed.

If this had been a case not governed by the law as to "fast" writs of error, the tendering of the bill of exceptions would have been in time, but since it is a criminal case it is covered by the provisions of section 6153, which prescribes that the bill of exceptions shall be tendered "within twenty days from the rendition" of the judgment upon which error is assigned, irrespective of whether the term of court has expired; and for this reason this court has held that in such cases assignments of error which must be presented as special exceptions must either be preserved by exceptions pendente lite, or be presented in a bill of exceptions certified within twenty days from the ruling of which complaint is made. *Wheeler* v. *State*, 4 *Ga. App.* 325 (61 S. E. 409).

*Writ of error dismissed. Broyles, J., not presiding.*