## JONES *v.* THE STATE.

GILBERT, J. 1. "It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law." *Evans* v. *State*, 112 *Ga.* 763 (38 S. E. 78); *Harris* v. *State*, 117 *Ga.* 13 (43 S. E. 419); *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240); *Glawson* v. *State*, 140 *Ga.* 14 (78 S. E. 188).

2. Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time required by law." *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240).

3. In the record of the present case the judgment overruling the motion for a new trial is dated December 27, 1915. The bill of exceptions is dated January 20, 1916, and the date of the judge's certificate is January 21, 1916. The bill of exceptions recites that "within the time provided by law, and within *thirty days*," etc., indicating that counsel was under a misapprehension as to the time within which the bill of exceptions "shall be tendered and signed." The case is therefore dismissed, because the statute is imperative. Civil Code, § 6153; Penal Code, § 1102. The court can not pass upon a case where it clearly appears from the bill of exceptions that it has no jurisdiction. *Milling* v. *State*, 145 *Ga.* 37 (88 S. E. 554).

*Writ of error dismissed. All the Justices concur.*

OCTOBER 17, 1916.

Indictment for murder. Before Judge Patterson. Elbert superior court. December 27, 1915.

*George C. Grogan,* for plaintiff in error.

*Clifford Walker, attorney-general, Thomas J. Brown, solicitor-general,* and *Mark Bolding,* contra.