## 11753.  DILLARD *et al. v.* THE STATE.

LUKE, J.  1. "It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law." *Evans* v. *State*, 112 *Ga.* 763 (38 S. E. 78); *Jones* v. *State*, 146 *Ga.* 8 (1) (90 S. E. 280).

2. "Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time required by law." *Jones* v. *State, supra.*

3. In this case it does not affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was tendered to the trial judge within the time prescribed by law, to wit, 20 days from the date of the overruling of the motion for a new trial, the judgment complained of.  The bill of exceptions must therefore be

*Dismissed.  Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 16, 1920.

Indictment for burglary; from Rockdale superior court — Judge Hutcheson.  June 25, 1920.

*J. R. Irwin, C. R. Vaughn,* for plaintiffs in error.

*George M. Napier,* solicitor-general, *William F. Buchanan,* contra.