## 13854. WRIGHT v. MOON.

1. A bill of exceptions must be tendered to the judge who prescribed in the cause "within 30 days from the adjournment of the court, or the date of the decision at chambers;" and "in the event that the court shall not adjourn within 30 days from the date of the organization and opening of the court, then such bill of exceptions shall be tendered to the judge who presided in the cause within 60 days from the date of the decision, judgment, verdict, or decree rendered." Civil Code (1910), § 6152; *Forsyth* v. *Precr*, 64 *Ga.* 281, 282; *Grant* v. *So. Bell Tel. Co.*, 145 *Ga.* 298 (1) (89 S. E. 304).

2. "Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time required by law." *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280).

3. The statutory provisions relating to the time of tender of a bill of exceptions being mandatory, a mere recital in a bill of exceptions, which is accepted as true in the certificate of the judge, that neither the plaintiff nor his counsel "knew anything" of an order and judgment sustaining a demurrer to a petition "until more than 60 days after it was signed," and that the plaintiff presented his bill of exceptions from such judgment "within 30 days since he learned of the judgment

of the court," will not, without more, suffice to extend the time prescribed by the statute for tendering such bill of exceptions for approval. As to the notice provided for in the Civil Code (1910), § 4864, see *Columbia Fire Ins. Co. v. Sams,* 141 *Ga.* 641 (2) (81 S. E. 856). Moreover, the record affirmatively shows that the order was filed on the day of its rendition.

DECIDED MARCH 17, 1923.

Complaint; from Cobb superior court — Judge Blair. April 4, 1922.

*H. B. Moss,* for plaintiff.

*Mozley & Gann,* for defendant.

JENKINS, P. J. The motion to dismiss the writ of error must be granted, since it appears from the record and the certificate of the clerk that the judgment to which exception is taken was rendered on April 4, 1922, during the March term of the superior court, that such term did not adjourn until June 22, 1922, or more than " 30 days from the date of the organization and opening of the court " (the exact date of which is not shown), even if it did not open before April 4th, the date of the judgment, and since it was therefore incumbent upon the plaintiff to tender his bill of exceptions " within 60 days from the date of the decision, judgment," etc. rendered. The bill of exceptions, not having been presented until July 22, or more than 60 days after the rendition of the judgment on April 4, cannot be entertained.

*Writ of error dismissed. Stephens and Bell, JJ., concur.*