*J. C. Knox, solicitor,* contra.

---

### 14763.   TUGGLE *v.* THE STATE.

BLOODWORTH, J. 1. " ' It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law.' *Evans* v. *State*, 112 *Ga.* 763 (38 S. E. 78); *Harris* v. *State*, 117 *Ga.* 13 (43 S. E. 419); *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240); *Glawson* v. *State*, 140 *Ga.* 14 (78 S. E. 188)." *Jones* v. *State*, 146 *Ga.* 8 (1) (90 S. E. 280).

2. " ' Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judges certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time prescribed by law.' *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240)." *Jones* v. *State*, 146 *Ga.* 8 (2) (90 S. E. 280).

3. In the record of the present case the judgment overruling the motion for a new trial is dated May 14, 1923. The bill of exceptions is not dated but recites that " it was presented within the time allowed by law and within thirty days of the entry of the judgment overruling said motion," indicating that counsel was under a misapprension as to the time within which the bill of exceptions should be tendered and signed. The statute (Civil Code, § 6153; Penal Code, § 1102) is imperative that " in all criminal cases the bill of exceptions shall be tendered and signed within twenty days from the rendition of the decision;" and as the date of the judge's certificate in the present case is June 5, 1923, which is more than twenty days from the date of the decision of which complaint is made, the writ of error must be dismissed. *Jones* v. *State*, 146 *Ga.* (8) (90 S. E. 280); *Roberts* v. *State*, 18 *Ga. App.* 504 (89 S. E. 595). *Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 25, 1923.

Accusation of possession of liquor; from city court of Monroe — Judge Felker. May 14, 1923.

*Orrin Roberts,* for plaintiff in error.

*J. C. Knox, solicitor,* contra.