*Jones, Park & Johnston, G. W. Garrell,* contra.

---

15583.   SELLERS *v.* TIPPINS *et al.*

BLOODWORTH, J. 1. " 'It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law.' *Evans* v. *State*, 112 *Ga.* 763 (38 S. E. 78); *Harris* v. *State*, 117 *Ga.* 13 (43 S. E. 419); *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240); *Glawson* v. *State*, 140 *Ga.* 14 (78 S. E. 188)." *Jones* v. *State*, 146 *Ga.* 8 (1) (90 S. E. 280).

2. " 'Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time prescribed by law.' *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240)." *Jones* v. *State*, 146 *Ga.* 8 (2) (90 S. E. 280).

3. It appearing from the recitals in the bill of exceptions that it was not tendered to the judge until April 9, 1924, thirty-two days after March 8, 1924, at which time the motion for a new trial was overruled, this court has no jurisdiction to entertain the writ of error.

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 15, 1924.

Complaint; from city court of Baxley—Judge Speer. March 8, 1924.

*V. E. Padgett,* for plaintiff.

*C. H. Parker,* for defendants.