### 16829.   BARNETT *v.* THE STATE.

BLOODWORTH, J.   The date of the judge's certificate to the bill of exceptions will be presumed to be the date on which it was tendered to him, where it does not affirmatively appear from the bill of exceptions or from the certificate thereto that it was tendered on a different date. To give this court jurisdiction in a criminal case, the bill of exceptions must be tendered within *twenty* days from the rendition of the judgment complained of; and where the date on which it was tendered does not affirmatively appear, and the recital in the bill of exceptions that it was tendered "within the time provided by law" is qualified by the additional words, "and within thirty days of the entry of the judgment overruling said motion for new trial," and the certificate of the judge is dated more than twenty days after the rendition of the judgment, the jurisdiction of this court to entertain the writ of error is not affirmatively shown. *Wallace* v. *State,* 16 *Ga. App.* 30 (84 S. E. 486) ; *Roberts* v. *State,* 18 *Ga. App.* 504 (89 S. E. 595) ; *Tuggle* v. *State,* 30 *Ga. App.* 670 (118 S. E. 778).

Under this ruling the writ of error is

> *Dismissed.  Broyles, C. J., and Luke, J., concur.*
>
> DECIDED DECEMBER 15, 1925.

Conviction of burglary; from DeKalb superior court—Judge Hutcheson. August 22, 1925.

*Bernard L. Chappell,* for plaintiff in error.

*Claude C. Smith, solicitor-general,* contra.