18077.  BAIRD v. THE STATE.

BLOODWORTH, J.  The date of the judge's certificate to the bill of excep-
tions will be presumed to be the date on which it was tendered to him,
where it does not affirmatively appear from the bill of exceptions or
from the certificate thereto that it was tendered on a different date.
To give this court jurisdiction in a criminal case, the bill of exceptions
must be tendered within twenty days from the rendition of the judg-
ment complained of; and where the date on which it was tendered does
not affirmatively appear, and the recital in the bill of exceptions that
it was tendered "within the time provided by law" is qualified by the
additional words, "and within thirty days of the entry of the judg-
ment overruling said motion for new trial," and the certificate of the
judge is dated more than twenty days after the rendition of the judg-
ment, the jurisdiction of this court to entertain the writ of error is
not affirmatively shown.  *Wallacé* v. *State*, 16 *Ga. App.* 30 (84 S. E.
486) ; *Roberts* v. *State*, 18 *Ga. App.* 504 (89 S. E. 595) ; *Tuggle* v.
*State*, 30 *Ga. App.* 670 (118 S. E. 778).  Under this ruling the writ of
error is                  *Dismissed.  Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 14, 1927.

Manslaughter; from Banks superior court—Judge John S. Wood
presiding.  February 19, 1927.

*E. C. Stark,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.

Criminal Law, 17 C. J. p. 121, n. 74; p. 148, n. 73 New; p. 228, n. 16.