22830.   HENDRIX *v.* THE STATE.

DECIDED DECEMBER 31, 1932.

*G. B. Walker, M. M. Holloway,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

PER CURIAM.   The record in this case shows that the overruling of the motion for a new trial, the judgment upon which error is assigned in the bill of exceptions, is dated October 24, 1932, and the certificate of the trial judge to the bill of exceptions is dated November 15, 1932, which is more than twenty days from the date of the judgment of which complaint is made.   The bill of exceptions recites that it was presented to the trial judge on October 15, 1932, which was before the final judgment of which complaint is made, and therefore an impossible date.   Since it does not affirmatively appear that the bill of exceptions was presented to the trial judge within the time provided by law, the writ of error must be dismissed.   *Jones* v. *State,* 146 *Ga.* 8 (90 S. E. 280) ; *Tuggle* v. *State,* 30 *Ga. App.* 670 (118 S. E. 778).

*Writ of error dismissed. Broyles, C. J., and MacIntyre, J., concur. Hooper, J., dissents.*

HOOPER, J., dissenting.   The bill of exceptions, which has the approval of the trial judge, recites that it was presented to the trial judge "within the time prescribed by law."   Nothing contained in the bill of exceptions or the record shows that it was presented

more than 20 days after the ruling complained of. For these reasons I think the writ of error should not be dismissed. *Wright* v. *State,* 45 *Ga. App.* 242 (164 S. E. 165).