23514. ATLANTA HOME BUILDERS COMPANY *et al.* v. METROPOLITAN CASUALTY INSURANCE COMPANY *et al.*

JENKINS, P. J. 1. Under section 59 of the workmen's compensation act (Ga. L. 1920, p. 198; Michie's Code, § 3154(59)), a writ of error to review a judgment of a superior court upon an appeal from the Industrial Commission, now the Department of Industrial Relations, must be brought to this court "within the time and in the manner provided by law for appeals by fast bills of exceptions" from other orders of the superior court made reviewable by such bills. While section 6153 of the Civil Code (1910), regulating fast bills of exceptions, requires that these bills "shall be *tendered and signed* within 20 days from the rendition of the decision," section 6187, embodying a later enacted statute (Ga. L. 1896, p. 45), which in terms repealed all conflicting laws, provides that "No bill of exceptions shall be dismissed upon the ground that the same was not certified by the judge in the time required by law

for tendering or signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was *tendered* to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal," unless the failure was caused by the plaintiff in error or his counsel. Section 6152, relating to ordinary bills of exceptions, makes no reference to the time within which the presiding judge "shall sign and certify the same," but fixes the time within which they "shall be *tendered*" to him. The effect of section 6187 is to render fast as well as ordinary bills of exceptions valid where tendered within the proper time, although not certified and signed until after such time, unless the delay was caused by the plaintiff or his counsel. A recital in the bill of exceptions itself that it was tendered within the time prescribed by statute, with a certificate by the judge that the bill is "true," will be sufficient unless such a general recital is contradicted by specific dates shown in the record. See *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (35 S. E. 168); *Sweat* v. *Barnhill*, 171 *Ga.* 294 (155 S. E. 18); *Wallace* v. *State*, 16 *Ga. App.* 30 (84 S. E. 486); *Breedlove* v. *Liberty Mutual Ins. Co.*, 46 *Ga. App.* 465 (168 S. E. 91); *Blackshear* v. *U. S. Fidelity & Guaranty Co.*, 46 *Ga. App.* 466 (167 S. E. 704). It appearing from the certified bill of exceptions in this case in which it was sought to review a superior-court judgment which affirmed an award by the Department of Industrial Relations, that it was tendered "within the time required by law," and no fault of the plaintiff in error appearing to have caused the delay in signing the bill, the motion to dismiss the writ of error is denied.

2. Upon the sole question raised on review, as to whether, at the time the employee claimant was injured, the employers had insurance coverage with the defendant insurance company so as to render it liable for the accident, there was ample competent evidence to support the findings of fact and judgment of the Director of the Department of Industrial Relations that the employers did not have such compensation insurance, and that the alleged insurance carrier was not liable. Although there was evidence tending to show that one of the employers on May 11, 1932, before he knew of the accident, which had already happened, gave to certain insurance brokers a check for $20, and obtained from them a receipted bill reading, "Account rendered—5/9/32—Metropolitan Casualty Co.—20.00—workmen's compensation job (old Nash Bldg.)—Peachtree & North Ave.—Paid R. G. Turner," which the employers contend was a "binder" constituting a valid contract of insurance dating back to May 9th so as to cover the time of the accident, there was other testimony which authorized inferences and findings that the alleged insurance agents had neither express nor implied authority to issue a "binder" as to employer's liability insurance, even if the quoted instrument could in itself or with other evidence be taken as constituting a valid contract of insurance; that the insurance policy, while issued as of the date of May 9 and turned over to the insurance brokers, was never in fact delivered to the employers, but was held by the brokers pending an investigation of the employers and of the insurance risk which they desired, and was canceled and the money returned to the employers when it was discovered that *the accident had happened before the insurance*

*was applied for;* and, as one witness for the insurance company testified, that the employer who applied for the insurance admitted to him, the employer had actual knowledge of the injury before he paid the money and obtained the receipt for the predated insurance. Under this evidence, the superior court did not err in affirming the award of the Department of Industrial Relations in favor of the alleged insurance carrier. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 19, 1934. REHEARING DENIED JUNE 18, 1934.

*C. M. Yeates,* for plaintiffs. *Harry L. Greene,* for defendants.