COKER *v.* LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

526

No. 10522. APRIL 10, 1935.

*Walter A. Sims* and *Joseph E. Berman,* for plaintiff.

*Carl B. Copeland,* for defendant.

RUSSELL, Chief Justice. As we construe the question propounded by the Court of Appeals, it must be answered in the affirmative. It is well settled that reference may be had to either the bill of exceptions, the certificate of the judge, or the transcript of the record, in determining whether or not a bill of exceptions has been tendered within the time prescribed by law. *Bonds* v. *Berdett,* 113 *Ga.* 113 (38 S. E. 304), citing *Cloudis* v. *Bank of Tennessee,* 6 *Ga.* 481; *Russell* v. *March,* 6 *Ga.* 491; *Justices* v. *Barrington,* 6 *Ga.* 578; *Newton* v. *Burtz,* 44 *Ga.* 599; *Dismuke* v. *Trammell,* 64 *Ga.* 429; *Gregory* v. *Daniel,* 93 *Ga.* 795 (20 S. E. 656); *Evans* v. *Slale,* 112 *Ga.* 763 (38 S. E. 78). And if after such reference it does not *affirmatively appear* that the bill of exceptions was tendered in time, it is equally well settled that the court is without jurisdiction, and the writ of error must be dismissed. As illustrative, it has several times been held that where the statement, "now within the time provided by law," is nullified by a succeeding statement, "within thirty days," from the judgment complained of, and yet the case is one in which exception must be taken by writ of error within twenty days, the bill of exceptions must be dismissed.

The question propounded by the Court of Appeals is as to jurisdiction, and it must affirmatively appear (in one of the ways to which we have referred) that the Court of Appeals has jurisdiction, before it will undertake to review the error alleged to have been committed by the municipal court of Atlanta.

*All the Justices concur.*