24524. GAVANT *v.* BERGER, administratrix.

DECIDED AUGUST 5, 1935.

*Noah J. Stone,* for plaintiff in error. *Albert E. Mayer,* contra.

JENKINS, P. J. A judgment denying a new trial to the defendant in this suit, involving $1900 principal, was entered by the municipal court of Atlanta on June 21, 1934. On July 3, 1934, the defendant tendered and had certified her appeal to its appellate division, which rendered a judgment on October 23, 1934, dismissing the appeal "for *want of jurisdiction."* The instant bill of exceptions of the defendant was certified by the trial judge on November 5, 1934, and recites that it was tendered "within 15 days from the rendition of *the judgment of the appellate division."* It does not except to that judgment dismissing the appeal, but excepts solely to the original judgment of June 21, 1934, denying a new trial. Defendant in error moves to dismiss the writ of error, for absence of jurisdiction in this court to consider it, because the bill of exceptions was not tendered to the trial judge until nearly five months after the judgment complained of. Plaintiff in error sets forth in her bill of exceptions that she prosecuted her appeal to the appellate division, rather than a direct writ of error to this court, under a decision rendered by the Supreme Court in *Dillon* v. *Continental Trust Company,* on June 18, 1934, which held that such a direct writ of error would not lie under section 42 of the municipal court act approved March 10, 1933 (Ga. L. 1933, pp. 290, 294, 295), providing for direct writs to this court in cases involving a principal amount of three hundred dollars or more, for the reason that such section was unconstitutional. She further sets forth that the later decision in that case, made upon a motion for rehearing (179 *Ga.* 198, 175 S. E. 652), that a direct writ of error would lie and that the act was constitutional, was not rendered until July 28,

1934, after her appeal to the appellate division. She contends that, under the authority of decisions made in certiorari cases, the legal time under the municipal court act of "fifteen days from the date of the ruling complained of," within which she could tender her bill of exceptions to the trial judge, was extended or suspended during the pendency of her appeal and until its decision by the appellate division. She also contends that, under section 6-906 of the Code of 1933, permitting a signing and certification of a bill of exceptions by a judge "as soon as possible," if his failure to certify within the time required was "without fault of the party tendering," and "if the judge is absent from home, or by other casualty fails to certify," the "rendition of one decision and the granting of a rehearing and the changing of this decision are casualties," which prevented the tender of her bill of exceptions from being too late. *Held:*

1. The Code of 1933, § 6-906, permitting the signing of a bill of exceptions by a judge "as soon as possible," where "the judge is absent from home, or by other casualty fails to certify," refers to a "casualty" affecting the judge, and is inapplicable to the situation here presented.

2. Under section 42(b) of the municipal court act of 1933, in order to give this court jurisdiction of a writ of error, it is mandatory that the bill of exceptions shall have been "presented to the trial judge within 15 days from *the date of the ruling complained of.*" *Coker* v. *Life & Casualty Ins. Co.,* 180 *Ga.* 525 (179 S. E. 626). Where the principal amount involved is less than $300, "an appeal shall lie from the order overruling or refusing the motion for new trial . . to the appellate division" of the municipal court. § 42(c). "All judgments, orders, and rulings of the appellate division of said court shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, as the case may be, in the same manner judgments of the judges of the superior courts are now reviewed." § 42(g). "In all cases wherein the amount involved, exclusive of interest, attorney's fees, and costs, is $300 or more, the order overruling or refusing the motion for new trial . . shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court," in the manner just stated. § 42(h). The plaintiff in error has brought to this court a companion case to review the judgment of the appellate division,

dismissing her appeal "for want of jurisdiction," and has there presented the contention that the appellate division has jurisdiction of appeals even though the principal involved is $300 or more. That question has been certified to the Supreme Court, and remains pending. It is therefore unnecessary to determine such a question in the instant case, involving only the belatedly-presented bill of exceptions to the judgment of the trial court denying a new trial. The question here presented and raised in the motion for new trial being presented in the prior appeal to the appellate division, if under the answer by the Supreme Court to the certified question in the companion case it shall be determined that the appellate division erroneously dismissed the appeal for "want of jurisdiction," the questions in this case properly should be decided by the appellate division upon a remand of the other case. If, on the other hand, it shall be determined that the appeal was properly dismissed by the appellate division, the appeal, if thus held to be void, would in no event suspend the running of the statutory time for presentation of the instant bill of exceptions.

3. Section 42(b) of the municipal court act fixes the time within which the bill of exceptions must be presented as "15 days from the date of the ruling complained of." In the ordinary bills-of-exceptions statute (Code of 1933, § 6-902), reference is made to "the date of the decision," "the date of the decision, judgment, verdict, or decree rendered," and "the adjournment of the court;" and in the fast-bills-of-exceptions statute (§ 6-903), to "the rendition of the decision." The certiorari statute (§ 19-209), however, fixes the time for application for the writ as "30 days after the *final determination of the case*," under which language, which is entirely different from that of the statutes fixing the time for presentation of bills of exceptions, a *valid* writ of error will suspend the running of the time limit for application for a writ of certiorari. See *White* v. *State*, 123 *Ga.* 503 (51 S. E. 505), distinguishing *Roach* v. *Sulter*, 54 *Ga.* 458, 51 *Ga.* 170. Irrespective of whether or not the appeal to the appellate division was valid or void, the certiorari statute and the decisions thereunder have no application to the instant bill of exceptions. This bill of exceptions not having been presented to the trial judge, as required by the municipal court act, "within 15 days from *the date of the ruling complained of*," but having been tendered more than four months

thereafter, this court is without jurisdiction to consider the writ of error.

*Writ of error dismissed.    Stephens and Sutton, JJ., concur.*