### KEY *v.* METROPOLITAN CASUALTY INSURANCE COMPANY *et al.*

No. 10928. OCTOBER 18, 1935. REHEARING DENIED NOVEMBER 15, 1935.

*William G. McRae* and *Charles M. Yeates,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

GILBERT, Justice. F. K. Key was injured while employed by Atlanta Home Builders Inc., operated by D. I. Crowley, and filed with the Department of Industrial Relations his claim for compensation against his employer and the Metropolitan Casualty Insurance Company as insurer. It was claimed by Crowley that on May 11, 1932, he obtained from the agents of the insurance company a binder covering the work on which Key was employed, that it was dated as of May 9, 1932, and that he had paid the agents $20, and was told that he was "covered." It appeared that, though ordered in a subpœna to produce the alleged binder or re-

ceipt, he failed to have it at the hearing. The insurance company introduced in evidence a policy executed under date of May 19, 1932, and canceled on the same date because, as testified by their agents, they had learned that the accident in which Key had been injured occurred prior to the time of the application for insurance. Evidence was introduced to the effect that the agents were not authorized to issue any binder or coverage of insurance on behalf of the insurance company. Upon introduction of the policy bearing date of May 19, 1932, counsel for Key stipulated that the insurance company was not liable. Counsel for Atlanta Home Builders Inc. and D. I. Crowley insisted that such stipulation not be held binding upon them, and attempted to prove that the policy should have been issued as of May 9, 1932. An award was made in favor of Key against Atlanta Home Builders Inc. and D. I. Crowley, but the insurance company was dismissed as a party defendant. From the award an appeal was taken to the superior court by Atlanta Home Builders Inc. and Crowley, Key and the Metropolitan Casualty Insurance Company being named as defendants; and after judgment of affirmance had been rendered in the superior court, a writ of error was taken to the Court of Appeals, which also affirmed the award of the Department of Industrial Relations. About six months later, Key filed an equitable petition against Atlanta Home Builders Inc., D. I. Crowley, and Metropolitan Casualty Insurance Company, alleging that the misplaced receipt of May 11, 1932, had been found, a copy of which was attached to the petition; and seeking so to reform the policy of insurance issued by the insurance company as to make it effective from May 9, 1932, in favor of the Atlanta Home Builders Inc., to be released from the stipulation entered into whereby the insurance company had been exempted from liability, and to have judgment rendered against the insurance company for the amount of the award and decree rendered in favor of the petitioner by the Department of Industrial Relations, etc. The insurance company filed general demurrers which were sustained, and the plaintiff excepted.

The opinion rendered by the presiding judge in sustaining the general demurrers correctly states the issues and properly decides the case; and we quote it in full: "This suit is brought to reform an alleged contract of indemnity insurance, and prays for judg-

ment against the defendant company for the amount of an award on a claim for compensation. Compensation was denied as to the defendant company, but was awarded as against the employer. On an appeal to the superior court the award was affirmed. An appeal was taken to the Court of Appeals, and the judgment of the superior court in that case was affirmed. *Atlanta Home Builders Co.* v. *Metropolitan Casualty Insurance Co., 49 Ga. App.* 241 (175 S. E. 22). The Court of Appeals held, first, that there was no contract of insurance at the time of the alleged injuries; and second, that the evidence warranted the finding that the alleged insurance agents had neither express nor implied authority to issue a 'binder' as to employer's liability insurance, even if the quoted instrument could in itself or in other evidence be taken as constituting a valid contract of insurance. On the former hearing Exhibit 'B' was before the commission and the court. Exhibit 'A,' alleged to have been misplaced prior to the former hearing, would not materially have changed the situation had it been introduced in evidence at the former hearing. The court is of the opinion that the allegations of the petition show that the issues raised in this suit have been adjudicated adversely to the plaintiff, and that he is not entitled to the relief sought in this case. Wherefore the general demurrer filed by the defendant, Metropolitan Casualty Insurance Company of New York, to plaintiff's petition is sustained upon each and all of its grounds, and said case is hereby dismissed as to said insurance company."

The parties in the present case were parties in the former suit upon the same issue; that is, whether or not the Metropolitan Casualty Insurance Company was liable under an alleged contract of insurance. The prayer for reformation of the policy dated May 19, 1932, and canceled on the same day, is for the purpose of making the same conform to an alleged "binder" of insurance, under which it was sought to hold the insurance company liable for compensation to the plaintiff. It was adjudicated in the former case that the insurance company had not entered into any contract of insurance which was in force at the time of the accident. The present suit is obviously an attempt to try that question again. The decision in the Court of Appeals became the law of the case. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as

to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code of 1933, § 110-501. There was no prayer to set aside the judgment of the superior court. Furthermore, even if the alleged "binder," which it is now asserted was found since the trial of the former case, had been in evidence, it would not produce a different result, because, as said by the Court of Appeals, "there was other testimony which authorized inferences and findings that the alleged insurance agents had neither express nor implied authority to issue a 'binder' as to employer's liability insurance, even if the quoted instrument could in itself or with other evidence be taken as constituting a valid contract of insurance; that the insurance policy, while issued as of the date of May 9 [May 19] and turned over to the insurance brokers, was never in fact delivered to the employers, but was held by the brokers pending an investigation of the employers and of the insurance risk which they desired, and was canceled and the money returned to the employers when it was discovered that the accident had happened before the insurance was applied for; and, as one witness for the insurance company testified, that the employer who applied for the insurance admitted to him, the employer had actual knowledge of the injury before he paid the money and obtained the receipt for the predated insurance." The petition did not set forth a cause of action, and the court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*