## 27107. HOWELL *v.* CORNELISON.

DECIDED SEPTEMBER 28, 1938.

*Paul H. Field,* for plaintiff in error.

*I. C. Adams, S. R. Maddox,* contra.

GUERRY, J. It should affirmatively appear from the bill of exceptions that it was tendered to the trial judge within the time prescribed by law. *Evans* v. *State,* 112 *Ga.* 763 (38 S. E. 78); *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (182 S. E. 603). Where, as in the present case, a bill of exceptions is prosecuted on a judgment overruling a motion for new trial, if the judgment overruling the motion was rendered at and during a term of the court, it should affirmatively appear that the bill of exceptions was tendered within thirty days from the date of the adjournment of the court, and not more than sixty days from the judgment where the term of court at which the judgment was rendered continued more than thirty days from the date of its organization. *Sparrow* v. *Pate,* 67 *Ga.* 352; Code, § 6-902. If it appears that the bill was tendered more than thirty days from the date of the judgment, but not more than sixty days therefrom (for in no case is more than sixty days allowed from the date of the judgment excepted to), and no showing is made as to the date of the adjournment of the court, while it is possible that the bill was tendered in time, provided the term continued to within thirty

days of the date of the tender, yet this obviously does not amount to an affirmative showing that the bill was tendered in time. The appellate court should not be left to surmise that this is true, and in the absence of such showing the bill must be dismissed as failing to show affirmatively necessary jurisdictional facts. *Mayor &c. of Monticello* v. *Lawrence,* 62 *Ga.* 672. In the present case there is no recital of tender of the bill "within thirty days," or "within the time prescribed by law;" and it not otherwise being shown that the bill was tendered to the judge before his certification thereof, the date of such certification is considered as the date of tender. *Crawford* v. *Goodwin,* 128 *Ga.* 134 (57 S. E. 240); *Barnett* v. *State,* 34 *Ga. App.* 676 (131 S. E. 94); *Friendship Primitive Baptist Church* v. *Fuller,* 180 *Ga.* 469 (179 S. E. 343); *Wright* v. *Moon,* 30 *Ga. App.* 87 (116 S. E. 545).

In the present case the motion for new trial was overruled on April 6, 1938, "during said term of court." The judge certified to the bill on May 12, 1938, or thirty-six days after the date of the judgment overruling the motion for new trial. There is no showing as to the date of the adjournment of the April term of court, and therefore there is no affirmative showing that the bill was tendered within the time prescribed by law. While it is true that it is provided in the Code, § 6-1304, that "No writ of error shall be dismissed in the appellate court on any ground whatever which can be removed during the term of the court to which the said writ of error is returnable, and the appellate court shall give such time, during said term, even to the end of the same, as may be necessary to remove said ground, if it can be removed during the said term," yet, since there is a motion to dismiss the writ of error, and the plaintiff in error has filed no motion in this court in response thereto, alleging that the April term of court did actually continue to within thirty days of the date of the certificate of the judge and praying for time to obtain a certificate from the clerk of the trial court as to the date of adjournment, as was done in *Smith* v. *Wrightsville & Tennille R. Co.,* 83 *Ga.* 671 (10 S. E. 361), it does not appear to this court that the defect in the bill "can be removed," and consequently this section has no application here. Furthermore, the failure of the plaintiff in error to make any showing in response to the motion to dismiss gives rise to the inference that if the fact should appear, it would be

against him. See *Obear* v. *Gray*, 68 *Ga.* 182, 187, 188. For these reasons the motion to dismiss the writ of error is sustained.

*Writ of error dismissed. Broyles, C. J., and MacIntyre, J., concur.*