### 35101. TINGLE v. KELLY.

Decided June 23, 1954—Rehearing denied July 27, 1954.

*Geo. Starr Peck,* for plaintiff in error.
*John E. Feagin,* contra.

NICHOLS, J. Mary Alice Tingle excepted to a judgment overruling her motion for new trial of her suit against Montine Kelly. The case was tried in the Civil Court of Fulton County, before Judge A. L. Henson. There is a motion to dismiss the writ of error.

It must affirmatively appear, from the bill of exceptions, the

certificate of the trial judge, or the transcript of the record, that the bill of exceptions was tendered to the trial judge within the time prescribed by law, in order to confer jurisdiction upon this court to pass upon the writ of error. *Whitmire* v. *Holly Mountain Farms Co.*, 90 *Ga. App.* 11 (81 S. E. 2d 886) ; *State Highway Department* v. *Crow*, 84 *Ga. App.* 631 (66 S. E. 2d 770) ; *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240). In cases involving more than $300 in the Civil Court of Fulton County, the bill of exceptions must be tendered or presented to the trial judge within fifteen days from the date of the ruling complained of. Ga. L. 1933, p. 290, § 1, subsection 42-b; *Allen* v. *Hix Green Buick Co.*, 78 *Ga. App.* 34 (50 S. E. 2d 167) ; *Wood* v. *Malone*, 78 *Ga. App.* 309 (50 S. E. 2d 707) ; *Folsom* v. *Koren*, 79 *Ga. App.* 438 (54 S. E. 2d 158).

The recital in the bill of exceptions that it was tendered "within the time provided by law, and within 20 days from the date of said judgment," i.e., the judgment complained of, is contradictory and inconclusive, and does not show that the bill of exceptions was presented within the required period of fifteen days. *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280) ; *Coker* v. *Life & Casualty Ins. Co.*, 180 *Ga.* 525 (179 S. E. 626).

The certificate of the trial judge to the bill of exceptions recites that it was tendered to him on January 29, which was more than fifteen days after January 11, the date of the judgment complained of, and the certificate is dated January 26, the numeral 6 in 26 being entered in ink over a typewritten numeral 9. There is also an entry, "Tendered, 1/26/54, A. L. H.," appearing to the left of the certificate and in the margin of the page, but the initials appear to be noticeably different from those in the signature of the trial judge.

The certificate is self-contradictory as to the date of presentation, and fails to show affirmatively that the bill of exceptions was tendered to the judge who tried the case within fifteen days from the date of the judgment complained of, or that there were any circumstances excusing such tender as provided by law. If the bill was presented on January 29, the certificate could not have been legally signed three days earlier. If the certificate was signed on January 26, it does not speak the truth as to when it must have been tendered.

Favoring the initialed, marginal entry with the status of a supplemental or additional certificate, to the effect that the bill of exceptions was tendered on January 26, we still may not consider it, any more than we may consider the judge's certificates attached to the motion to dismiss, which show at most an unsuccessful attempt to present the bill of exceptions on January 26. *Crawford* v. *Cook*, 48 *Ga. App.* 456 (1) (173 S. E. 187); *Usher* v. *Harrelson*, 13 *Ga. App.* 118 (78 S. E. 852); *Cordray* v. *Savannah Union Station Co.*, 134 *Ga.* 865 (68 S. E. 697).

Counsel for the respondent to the motion to dismiss contends that the date appearing in the body of the certificate is merely an error or mistake, but the same may be said of the altered date appearing over the judge's signature to the certificate. The bill of exceptions, the certificate of the judge thereto, and the record do not affirmatively show that the bill of exceptions was presented to the trial judge within the time prescribed by law, so as to give this court jurisdiction of the writ of error.

In the case of *Clayton* v. *May*, 68 *Ga.* 27, appears the following comment, which bears repeating: "It is the duty of the judge, when he certifies the bill of exceptions, to see to it that a plain and unobliterated bill of exceptions, distinctly assigning the errors complained of, and containing the facts necessary to enable this court to adjudicate the cause, be made out; and if it be untruthful to decline to certify, with his reasons therefor, as provided for in section 4257 of the Code [now Code § 6-909 as amended]. It seems to us that this is the legal course. If, however, he sees fit to obliterate any part of it, he ought certainly to write somewhere on the bill of exceptions that he did it, or ordered it done, so as to assure this court that nothing improper has been done by any unauthorized person; that nobody has changed the bill of exceptions since it left his hands. Otherwise this court will be involved in doubt about it. The more legal course, and the better practice, would be, if anything be in the bill of exceptions not consistent with what transpired before the court on the trial, to require the bill of exceptions re-written, so as to present a clean and unmutilated record for inspection here and preservation on the files of this court of record." Also see *McCall* v. *Walter*, 71 *Ga.* 287 (4).

*Writ of error dismissed. Felton, C. J., and Quillian, J., concur.*